UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA FITZSIMONDS, in their individual capacities and on behalf of all others similarly situated,

                  Plaintiffs,

    -against-

SCALE FACILITATION, DAVID A. COLLARD, VANESSA GERONIMO, MICHAEL WINN, and JACKIE NOLLER,

                  Defendants.

----------------------------------------------------------------- x

Case No.: 1:23-cv-09482-JPO

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DIMISS FOR IMPROPER SERVICE

Plaintiffs Nicholas Widmer, Lindsey Root, and Sophia Fitzsimonds, in their individual capacities and on behalf of all others similarly situated (collectively "Plaintiffs") submit this Memorandum of Law in Opposition to the Motion of Defendants Scale Facilitation and Vanessa Geronimo ("Defendant's Motion") arguing that the above-captioned action must be dismissed because service was improper.

**A. The Motion Should be Dismissed as to Both Defendant Scale and Geronimo Pursuant to FRCP 4(m) and More Time for Service Should be Permitted**

First, pursuant to the Federal Rules, Plaintiffs have 90 days or more to serve Defendants after filing the original complaint. Federal Rule of Civil Procedure ("FRCP") 4(m) states:

> "If a defendant is not served *within 90 days* after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant *or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*" (Emphasis added).

Rule 4(m), moreover, is to "be given a liberal and flexible construction." (citations omitted) *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984). Plaintiffs Complaint [*see* Dkt. No.: 3] was filed on October 30, 2023, which would give Plaintiffs approximately 90 days or until January 28, 2024, to properly effectuate service. In this light, the motion to dismiss should be denied as inconsistent with the Federal Rules.

Failure to comply with service requirements, outside of the time frame provided under the rules, which is not even alleged here, does not require dismissal if (a) the party to be served received actual notice, (b) no prejudice to the defendant resulted from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler*, supra, at 447. *See* also *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987); *Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *Justice v. Lyng*, 716 F. Supp. 1567, 1569-70 (D. Ariz. 1988); and *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367 (S.D.N.Y. 2006) (dismissal not mandatory).

In the context of this precedent, it is quite evident from the notice of appearance and affidavits of Defendants Collard and Geronimo, that said Defendants have been on notice of the Complaint and have secured counsel. In that sense no prejudice can be argued. Scale Facilitation is a corporation doing business in New York, moreover, and Plaintiffs made good faith efforts to confirm the appropriate corporate headquarters or address registered to Scale Facilitation using a vendor and attempting service through the Secretary of State in Albany, New York. When attempting to properly serve Defendant Scale Facilitation, Plaintiffs effectuated service at what was assumed to be corporate headquarters at 501 Madison Avenue, 82nd Floor,

New York, NY 10022.  However, this address was associated with an unaffiliated entity called Scale Strategy. Since Defendant Scale Facilitation is not properly registered with the Secretary of State, the retained vendor was unable to determine it was serving the wrong entity.  This led to Scale Strategy being served instead of Scale Facilitation on November 21, 2023.[1]  This service error would constitute a justifiable excuse.

Defendant Vanessa Geronimo was attempted to be served on November 21, 2023, [*see* Dkt. No.: 8] at her home address of 50 W 30th St, New York, NY 10001.  Defendant Vanessa Geronimo was home at the time of delivery, but the process server was denied access to her apartment.  The doorman, named Edwin, who was of suitable age and discretion and at Defendant Geronimo's usual place of abode or dwelling house accepted service for her which is an effective and appropriate method of service.  If a process server is denied entry to the defendant's actual apartment by a doorman or another employee because the tenant is not home, the outer bounds of the actual dwelling place is extended from the residence to the location at which the process server's progress is hindered. (*Id*. at 797; *see also Al Fayed v. Barak*, 39 A.D.3d 371, 833 N.Y.S.2d 500 (1st Dept. 2007) (holding that service of summons was proper where the process server left the papers with the building doorman after being denied access to the building and told that the tenant was not home); *Board of Managers of Le Trianon Condominium v. 1439 Realty Corp*., 186 A.D.2d 437, 588 N.Y.S.2d 565 (1st Dept. 1992)). *Ledesma v Good Luck Realty Corp*., 2012 N.Y. Misc. LEXIS 661, *3.[2]

---

[1] We believe the correct entity has now been served, though counsel for Defendants was unwilling to confirm the appropriate entity unless Plaintiffs were willing to waive claims.
[2] Please note state service law is cited herein, consistent with precedent that such law is relevant. *See, e.g., Kraljevich v. Courser Ath., Inc*., 2022 U.S. Dist. LEXIS 151455, *13 (quoting *DeLuca v. AccessIP Grp., Inc.,* 695 F.Supp.2d 54, 64 (S.D.N.Y. 2010)).

Defendant Geronimo claims that service was improper because the complaint was not attached to the summons. According to NYCPLR § 305(c), "at any time, in its discretion and upon such terms as deemed just, the court may allow any summons or proof of service of summons to be amended, if a substantial right of a party whom summons issues is not prejudice." Furthermore, a First Department case confirms the traditional view that a plaintiff who serves the summons without complaint is under no obligation, at least for the purpose of avoiding dismissal under CPLR 3012(b), to serve the complaint unless the defendant demands it. *Ardila v. Roosevelt Hospital*, 55 A.D. 2d 557 (1st Dept. 1976). Ultimately "when a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service." *Dallas v. Roosevelt Union Free School Dist.,* 644 F. Supp. 2d 287,292 (E.D.N.Y. 2009) (quoting *Maruzen Intern., Co v. Bridgeport Merch, Inc.,* 770 F. Supp.159 (S.D.N.Y. 1991).

Finally, requiring Plaintiffs to refile would be prejudicial as, collectively, they have already lost hundreds of thousands of dollars in unpaid wages and were delayed in filing by false promises by Defendants. Many of the Plaintiffs have been waiting to receive months' worth of paychecks already, are struggling to find proper work and are even having trouble collecting unemployment without paystubs showing proof of earnings.[3]

---

[3] Notably, the time for service can be extended even in the absence of good cause for failure to effect service. *See e.g., Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662 (D.Vt.1996) (Although plaintiffs committed egregious error in failing to attempt further service after their initial attempt failed, the defendant had actual notice of the case almost since its inception, the defendant actively participated in case so that there was no prejudice resulting from failure to serve, and relevant statute of limitations had expired, thereby justifying relief on ground that action would otherwise be time-barred).

**CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants Motion to dismiss for improper service, permit Plaintiffs additional time pursuant to Rule 6(b) to effectuate service, and provide such other and further relief as His Honor deems just and proper.[4]

Dated January 9, 2024

        Respectfully Submitted,

        **THE BOYD LAW GROUP, PLLC**

        By: _/s/ Patrick J. Boyd_____

        Patrick James Boyd, Esq.
        250 Park Avenue, 7th Floor
        New York, NY 10177
        Tel: (212) 867-3675
        pboyd@theboydlawgroup.com

        *Attorney for Plaintiffs*

---

[4] *See, e.g., Henderson v. United States,* 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); *Zapta v. City of New York,* 502 F.3d 192, 196 (2d Cir. 2007) (District courts have the discretion to grant extensions of the service period even where there is no good cause shown; and this is consistent with the passing comment from the Supreme Court on the issue).