UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA FITZSIMONDS, in their individual capacities and on behalf of all others similarly situated,

                              Plaintiffs,

               - against -

SCALE FACILITATION®, DAVID A. COLLARD, VANESSA GERONIMO, MICHAEL WINN, AND JACKIE NOLLER,

                              Defendants.
----------------------------------------------------------------------X

Case No. 1:23-cv-09482-JPO

**DEFENDANT SCALE FACILITATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendant Scale Facilitation ("Defendant" or "Scale") files this Answer and Affirmative Defenses to Plaintiffs' Class and Collective Action Complaint ("Original Complaint").

## ANSWER TO ORIGINAL COMPLAINT

Subject to the above and foregoing affirmative defenses and reserving the right to assert additional defenses and/or amend their Answer as additional facts are discovered during this lawsuit, Scale pleads as follows to the specific allegations of Plaintiffs' Original Complaint. Scale objects to the definition of Scale Facilitation found on page one of Plaintiffs' Original Complaint because it is vague, improper, and inappropriate and does not define the proper employer of the employees at issue. The information provided below is provided by Sanitex Global LLC, the Plaintiffs' correct employing entity, and no other entity.

## NATURE OF THE ACTION

1. Scale admits that Plaintiffs bring this action seeking equitable and legal relief for alleged violations of the FLSA and NYLL, but deny that they engaged in any unlawful conduct and that Plaintiffs are entitled to any relief.

2. Scale denies the allegations in Paragraph 2 of Plaintiffs' Original Complaint.

3. Scale denies the allegations in Paragraph 3 of Plaintiffs' Original Complaint.

4. Scale denies the allegations in Paragraph 4 of Plaintiffs' Original Complaint.

## JURISDICTION AND VENUE

5. Scale admits that the Court has subject matter jurisdiction as alleged in Paragraph 5 of Plaintiffs' Original Complaint over the claims on the Named Plaintiffs. Scale denies, however, that the Court has subject matter jurisdiction over the claims of any putative class member plaintiffs who did not work or reside in New York.

6. Scale denies the allegations in Paragraph 6 of Plaintiffs' Original Complaint.

7. Scale admits the allegations in Paragraph 7 of Plaintiffs' Original Complaint, except for putative class members who did not reside or work in New York..

## THE PARTIES

**Defendants**

8. Scale admits that Scale Facilitation has offices on Floor 82 of One World Trade Center, New York, New York 10007, but denies the remaining allegations in Paragraph 8 of Plaintiffs' Original Complaint.

9. Scale admits that Scale Facilitation is in the investment management business focusing on investment management and focused on scaling technology and other innovations, but denies the remaining allegations in Paragraph 9 of Plaintiffs' Original Complaint

10. Scale admits the allegations in Paragraph 10 of Plaintiffs' Original Complaint.

11. Scale admit that Sanitex Global LLC is the employing entity for Plaintiffs, but denies the remaining allegations in Paragraph 11 of Plaintiffs' Original Complaint.

12. Scale denies the allegations in Paragraph 12 of Plaintiffs' Original Complaint.

13. Scale denies the allegations in Paragraph 13 of Plaintiffs' Original Complaint.

14. Scale denies the allegations in Paragraph 14 of Plaintiffs' Original Complaint.

15. Scale denies the allegations in Paragraph 15 of Plaintiffs' Original Complaint.

16. Scale denies the allegations in Paragraph 16 of Plaintiffs' Original Complaint.

17. Scale denies the allegations in Paragraph 17 of Plaintiffs' Original Complaint.

18. Scale admits that Defendant Collard is the founder and chief executive officer of Scale Facilitation but Scale denies the remaining allegations in Paragraph 18 of Plaintiffs' Original Complaint.

19. Scale admits the allegations in Paragraph 19 of Plaintiffs' Original Complaint.

20. Scale denies the allegations in Paragraph 20 of Plaintiffs' Original Complaint.

21. Scale denies the allegations in Paragraph 21 of Plaintiffs' Original Complaint.

22. Scale denies the allegations in Paragraph 22 of Plaintiffs' Original Complaint.

23. Scale denies the allegations in Paragraph 23 of Plaintiffs' Original Complaint.

24. Scale denies the allegations in Paragraph 24 of Plaintiffs' Original Complaint.

**Plaintiffs**

25. Scale denies the allegations in Paragraph 25 of Plaintiffs' Original Complaint.

26. Scale lack sufficient information to admit or deny the allegations in Paragraph 26, and thus denies the same.

27. Scale denies the allegations in Paragraph 27 of Plaintiffs' Original Complaint.

28. Scale lack sufficient information to admit or deny the allegations in Paragraph 28, and thus denies the same.

29. Scale denies the allegations in Paragraph 29 of Plaintiffs' Original Complaint

30. Scale lacks sufficient information to admit or deny the allegations in Paragraph 30,

and thus denies the same.

31. Scale denies the allegations in Paragraph 31 of Plaintiffs' Original Complaint.

32. Scale admits that Fitzsimonds was an intern paid on an hourly basis, but denies the remainder of the allegations in Paragraph 32 of Plaintiffs' Original Complaint.

33. Scale admits the allegation in Paragraph 33 of Plaintiffs' Original Complaint, but denies that Plaintiffs were employees of Scale.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Scale admits that Plaintiffs bring claims for relief as a collective action pursuant to the FLSA on behalf of employees employed by Scale six years before the filing of the Original Complaint, but deny that Scale has engaged in any unlawful conduct, that collective treatment is proper, and that Plaintiffs are entitled to any relief.

35. Scale denies the allegations in Paragraph 35 of Plaintiffs' Original Complaint.

36. Scale denies the allegations in Paragraph 36 of Plaintiffs' Original Complaint.

## STATEMENT OF FACTS

37. Scale admits the allegations in Paragraph 37 of Plaintiffs' Original Complaint.

38. Scale admits the allegations in Paragraph 38 of Plaintiffs' Original Complaint.

39. Scale lacks sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiffs' Original Complaint, and thus denies the same.

40. Scale lacks sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiffs' Original Complaint, and thus denies the same.

41. Scale admits the allegations in Paragraph 41 of Plaintiffs' Original Complaint.

42. Scale admits that Plaintiff Widmer received a wire transfer to his checking account on or around May 4, 2023, but lack sufficient information to admit or deny the remaining

allegations in Paragraph 42 of Plaintiffs' Original Complaint, and thus denies the same.

43. Scale admits the allegations in Paragraph 43 of Plaintiffs' Original Complaint.

44. Scale lacks sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiffs' Original Complaint, and thus denies the same.

45. Scale admits the allegations in Paragraph 45 of Plaintiffs' Original Complaint.

46. Scale admits that on or around June 2, 2023 or June 5, 2023, Widmer received wire transfers to his checking account, but lack sufficient information to admit or deny the remaining allegations in Paragraph 46 of Plaintiffs' Original Complaint, and thus denies the same.

47. Scale admits that for the pay cycles on June 15, June 30, July 15, July 31, August 15, and August 31, Mr. Widmer was not paid through the payroll system or through a wire transfer, but denies that Mr. Widmer performed compensable work during this period. Scale denies the remaining allegations in Paragraph 47 of Plaintiffs' Original Complaint.

48. Scale admits the allegations in Paragraph 48 of Plaintiffs' Original Complaint.

49. Scale lacks sufficient information to admit or deny the allegations in Paragraph 49 of Plaintiffs' Original Complaint, and thus denies the same.

50. Scale lacks sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiffs' Original Complaint, and thus denies the same.

51. Scale denies the allegations in Paragraph 51 of Plaintiffs' Original Complaint.

52. Scale lacks sufficient information to admit or deny the allegations in Paragraph 52 of Plaintiffs' Original Complaint, and thus denies the same.

53. Scale lacks sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiffs' Original Complaint, and thus denies the same.

54. Scale denies the allegations in Paragraph 54 of Plaintiffs' Original Complaint.

55. Scale admits the allegations in Paragraph 55 of Plaintiffs' Original Complaint.

56. Scale denies the allegations in Paragraph 56 of Plaintiffs' Original Complaint.

57. Scale lacks sufficient information to admit or deny the allegations in Paragraph 57 of Plaintiffs' Original Complaint, and thus denies the same.

58. Scale admits that for the pay cycles on June 30, July 15, July 31, and August 15, Plaintiff Root was not paid through the payroll system or through a wire transfer, but denies that Plaintiff Root performed compensable work during this period. Scale denies the remaining allegations in Paragraph 58 of Plaintiffs' Original Complaint.

59. Scale admits the allegations in Paragraph 59 of Plaintiffs' Original Complaint.

60. Scale admits that Plaintiff Root has not received a pay stub from the Company since the pay period ending on April 15, 2023, but lacks sufficient information to admit or deny the remaining allegations in Paragraph 60 of Plaintiffs' Original Complaint, and thus denies the same.

61. Scale lacks sufficient information to admit or deny the allegations in Paragraph 61 of Plaintiffs' Original Complaint, and thus denies the same.

62. Scale lacks sufficient information to admit or deny the allegations in Paragraph 62 of Plaintiffs' Original Complaint, and thus denies the same.

63. Scale lacks sufficient information to admit or deny the allegations in Paragraph 63 of Plaintiffs' Original Complaint, and thus denies the same.

64. Scale denies the allegations in Paragraph 64 of Plaintiffs' Original Complaint.

65. Scale admits the allegations in Paragraph 65 of Plaintiffs' Original Complaint.

66. Scale denies the allegations in Paragraph 66 of Plaintiffs' Original Complaint.

67. Scale admits the allegations in Paragraph 67 of Plaintiffs' Original Complaint.

68. Scale admits the allegations in Paragraph 68 of Plaintiffs' Original Complaint.

69. Scale admits that Fitzsimonds relocated to New York, but denies the remaining allegations in Paragraph 69 of Plaintiffs' Original Complaint.

70. Scale lacks sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiffs' Original Complaint, and thus denies the same.

71. Scale denies the allegations in Paragraph 71 of Plaintiffs' Original Complaint.

## **FIRST CAUSE OF ACTION**

### **(AS AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)[1]**

72. Scale admits that Plaintiffs realleges and incorporates the foregoing paragraphs as alleged in Paragraph 72 of Plaintiffs' Original Complaint, but denies that it engaged in any unlawful conduct and that Plaintiffs are entitled to any relief. Scale reincorporates its previous responses to Plaintiffs' allegations.

73. Scale admits that Plaintiffs are covered individuals under the FLSA, but denies the remaining allegations in Paragraph 73 of Plaintiffs' Original Complaint.

74. Scale denies the allegations in Paragraph 74 of Plaintiffs' Original Complaint.

75. Scale denies the allegations in Paragraph 74 of Plaintiffs' Original Complaint.

76. Scale denies the allegations in Paragraph 76 of Plaintiffs' Original Complaint.

77. Scale denies the allegations in Paragraph 77 of Plaintiffs' Original Complaint.

---

[1] Scale restates the headings used by Plaintiffs in their Original Complaint solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Scale denies the allegations in

78. Scale does not have information sufficient to admit or deny that Plaintiffs intend to obtain records by discovery, and that Plaintiffs may seek leave to amend their complaint, and therefore denies those allegations and denies the remaining allegations in Paragraph 78 of Plaintiffs' Original Complaint.

79. Scale denies the allegations in Paragraph 79 of Plaintiffs' Original Complaint.

80. Scale denies the allegations in Paragraph 80 of Plaintiffs' Original Complaint.

81. Scale denies the allegations in Paragraph 81 of Plaintiffs' Original Complaint.

82. Scale denies the allegations in Paragraph 82 of Plaintiffs' Original Complaint.

83. Scale denies the allegations in Paragraph 83 of Plaintiffs' Original Complaint.

## SECOND CAUSE OF ACTION

### (UNLAWFUL WITHHOLDING OF PLAINTIFFS' WAGES AND DEDUCTIONS FROM SAME AGAINST ALL DEFENDANTS PURSUANT TO NEW YORK LABOR LAW)[2]

84. Scale admits that Plaintiffs reallege and incorporate the foregoing paragraphs as alleged in Paragraph 84 of Plaintiffs' Original Complaint, but denies that it engaged in any unlawful conduct and that Plaintiffs are entitled to any relief. Scale reincorporates its previous responses to Plaintiffs' allegations.

85. Scale denies the allegations in Paragraph 85 of Plaintiffs' Original Complaint.

86. Scale denies the allegations in Paragraph 86 of Plaintiffs' Original Complaint.

87. Scale denies the allegations in Paragraph 87 of Plaintiffs' Original Complaint.

88. Scale denies the allegations in Paragraph 88 of Plaintiffs' Original Complaint.

---

this subheading. Scale further denies that Plaintiffs have been subjected to any unlawful conduct or that Plaintiffs are entitled to any of the relief they seek.

[2] Scale restates the headings used by Plaintiffs in their Original Complaint solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Scale denies the allegations in this subheading. Scale denies that Plaintiffs have been subjected to any unlawful conduct or that Plaintiffs are entitled to any of the relief they seek.

## THIRD CAUSE OF ACTION

## (VIOLATION FOR FAILURE TO PROVIDE PLAINTIFF WITH PAYSTUBS AND FAILURE TO PROVIDE PAYROLL NOTICE PURSUANT TO NYLL AS AGAINST DEFENDANT SCALE))[3]

89. Scale admits that Plaintiffs reallege and incorporate the foregoing paragraphs as alleged in Paragraph 89 of Plaintiffs' Original Complaint, but denies that it engaged in any unlawful conduct and that Plaintiffs are entitled to any relief. Scale reincorporates its previous responses to Plaintiffs' allegations.

90. Scale denies the allegations in Paragraph 90 of Plaintiffs' Original Complaint.

91. Scale denies the allegations in Paragraph 91 of Plaintiffs' Original Complaint.

92. Scale denies the allegations in Paragraph 92 of Plaintiffs' Original Complaint.

93. Scale denies the allegations in Paragraph 93 of Plaintiffs' Original Complaint.

94. Scale denies the allegations in Paragraph 94 of Plaintiffs' Original Complaint.

95. Scale denies the allegations in Paragraph 95 of Plaintiffs' Original Complaint.

96. Scale denies the allegations in Paragraph 96 of Plaintiffs' Original Complaint.

97. Scale denies the allegations in Paragraph 97 of Plaintiffs' Original Complaint.

Scale admits that Plaintiffs pray for the relief in subparts (A)-(H), but denies that such relief is appropriate, that Scale engaged in any unlawful conduct and that Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Scale pleads the following affirmative and other defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

---

[3] Scale restates the headings used by Plaintiffs in their Original Complaint solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Scale denies the allegations in this subheading. Scale further denies that Plaintiffs have been subjected to any unlawful conduct or that Plaintiffs are entitled to any of the relief they seek.

1. Scale is not the proper defendant employer in this matter. The employer entity of the Plaintiffs in this matter was Sanitex Global LLC and not Scale.

2. Any cause of action or claim for damages under the Fair Labor Standards Act ("FLSA") stated in Plaintiffs' Original Complaint arising more than two years before the filing of the lawsuit is barred by the statute of limitations set forth at 29 U.S.C. § 255(a).

3. Plaintiffs fail to state a claim for gap time or straight time pay under the FLSA or NYLL because no such claim exists under the FLSA or NYLL. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("[T]he FLSA does not provide a cause of action for unpaid gap time."); *Savor Health, LLC v. Day*, No. 19-CV-9798 (RA), 2022 WL 912236, at *7 (S.D.N.Y. Mar. 29, 2022) ("Accordingly, the Court concludes that a 'gap-time' claim that seeks wages owed that exceed the state minimum wage is not cognizable under the NYLL.").

4. The allegations in Plaintiffs' Original Complaint are insufficient to establish that Scale engaged in willful conduct as defined by the FLSA and relevant case law. Thus, any relevant period of consideration in this matter is limited to a two-year period prior to the institution of this lawsuit.

5. Any cause of action or claim for damages stated in Plaintiffs' Original Complaint under the New York Labor Law ("NYLL") is barred by the applicable statute of limitations.

6. Any acts or omissions by Defendant with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage and Hour Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel.

7. To the extent sought, pre-judgment interest is not available in a case brought pursuant to

29 U.S.C. §§ 216 and 260 or the NYLL.

8. Plaintiffs have been fully compensated for all hours worked and for all overtime in accordance with the requirements of the FLSA and NYLL.

9. Plaintiffs cannot satisfy their burden of proof with respect to any alleged damages suffered.

10. Assuming, *arguendo*, Plaintiffs are entitled to recover damages in this action, Plaintiffs cannot recover for noncompensable or *de minimus* matters and Plaintiffs' claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiffs during the time period for which damages are sought, including any time for which Plaintiffs were paid but did not work.

11. Subject to further discovery, Plaintiffs cannot recover for alleged losses and damages, if any, that are the result of, and directly related to, Plaintiffs' own conduct, actions and/or failure to act.

12. Plaintiffs' claims under the NYLL, if not preempted in whole or in part by federal law, are barred in whole or in part because Plaintiffs failed to establish the statutory prerequisites for these claims.

13. Plaintiffs cannot recover under state laws for any allegedly failure to pay overtime that is attributable to work performed outside of the state whose law was allegedly violated.

14. Plaintiffs are not entitled to recover overtime pay or obtain other relief pursuant to the law of any state in which they performed no work.

15. Plaintiffs are not entitled to double or duplicative recovery.

16. Plaintiffs cannot recover any damages or duplicative relief under state law to the extent that such damages or relief are duplicative of damages or relief realized through an FLSA claim.

17. The allegations in Plaintiffs' Original Complaint are insufficient to establish that Plaintiffs and the individuals they seek to represent are similarly situated for purposes of maintaining a representative action pursuant to the requirements of 29 U.S.C. § 216(b).

18. The purported class definition is not sufficiently precise to meet the requirements of a collective action under the FLSA or a class action under the NYLL.

19. Plaintiffs' allegations assume that all of the alleged plaintiffs worked the same schedule and number of hours, which is not true. In most or all circumstances, no overtime compensation is owed because no overtime was worked.

20. Plaintiffs cannot satisfy their burden of proof with respect to any alleged damages suffered.

21. To the extent sought, Plaintiffs are not entitled to a jury determination regarding attorneys' fees or liquidated damages.

22. Plaintiffs' claims for damages are capped or limited in accordance with applicable law.

23. Plaintiffs' claims related to their employee benefits are barred and/or preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This includes but is not limited to the claims for failures to make proper deductions for wire transfers and claims related to pay notices and stubs. Further, to the extent claims are barred or preempted by ERISA, Plaintiffs are not allowed to recover their attorney's fees for such claims.

Subject to further discovery, Plaintiffs' claims are barred, in whole or in part, by the doctrines of

laches, estoppel, unclean hands, waiver, and/or ratification.

February 1, 2024

Respectfully submitted,

/s/ Mark A. Robertson
　　　Mark A. Robertson

Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Tel: (212) 318-3304
Fax: (212) 318-3400
mark.robertson@nortonrosefulbright.com

OF COUNSEL:
NORTON ROSE FULBRIGHT US LLP
Andrew Yeh
Fulbright Tower
1301 McKinney, Suite 5100
Tel: (713) 651-7732
Fax: (713) 651-5246
andrew.yeh@nortonrosefulbright.com
*Pro-Hac Vice Application Pending*

Carter Crow
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Tel: (713) 651-5163
Fax: (713) 651-5246
carter.crow@nortonrosefulbright.com
*Pro-Hac Vice Application Pending*

*Attorneys for Scale Facilitation*

13