Tara Toevs Carolan
**TARTER KRINSKY & DROGIN LLP**
*Counsel for Defendant and*
*Cross Claimant Vanessa Geronimo*
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8007
tcarolan@tarterkrinsky.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA FITZSIMONDS, in their individual capacities and on behalf of other similarly situated,<br><br>          Plaintiffs,<br>   v.<br><br>SCALE FACILITATION, DAVID COLLARD, VANESSA GERONIMO, MICHAEL WINN, AND JACKIE NOLLER,<br>               Defendants. | Docket No. 1:23-cv-09482-JPO<br><br>**VANESSA GERONIMO'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM** |
| VANESSA GERONIMO,<br><br>          Cross Claimant,<br>   v.<br><br>SCALE FACILITATION, and DAVID COLLARD,<br><br>          Cross Defendants. | |

Defendant/Cross Claimant Vanessa Geronimo, by and through her undersigned attorneys, as and for her Answer to the Class and Collective Complaint (ECF No. 3) (the "Complaint"), filed by Plaintiffs Nicholas Widmer, Lindsey Root, and Sophia Fitzsimonds ("Plaintiffs"), in the above-captioned action (the "Action"), deny each and every allegation set forth in the Complaint, except as admitted or otherwise qualified herein and allege, on knowledge with respect to Ms. Geronimo and her own acts, and upon information and belief as to all other matters included herein.

## NATURE OF ACTION[1]

1.      Ms. Geronimo admits that Plaintiffs purport to seek the relief described in Paragraph 1 of the Complaint, and that such allegations contain legal conclusions to which no response is required. To the extent a response is required, Ms. Geronimo denies the allegations as alleged.

2.      Ms. Geronimo admits that Plaintiffs purport to allege the allegations in Paragraph 2 of the Complaint which contain legal conclusions, and to which no response is required. To the extent a response is required, Ms. Geronimo denies the allegations as alleged.

3.      The allegations in Paragraph 3 of the Complaint contain legal conclusions, to which no response is required, and to the extent a responsive pleading is required, Ms. Geronimo denies the allegations as alleged.

4.      The allegations in Paragraph 4 of the Complaint contain legal conclusions, to which no response is required, and to the extent a responsive pleading is required, Ms. Geronimo denies the allegations as alleged.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 of the Complaint contain legal conclusions, to which no response is required.

6.      The allegations in Paragraph 6 of the Complaint contain legal conclusions, to which no response is required.

7.      The allegations in Paragraph 7 of the Complaint contain legal conclusions, to which no response is required, and to the extent a responsive pleading is required, Ms. Geronimo denies

---

[1] Ms. Geronimo adopted the headings and subheadings in the Complaint for references purposes only. Such adoption is not an admission by Ms. Geronimo of any allegation or characterization, express or implied, by Plaintiffs' headings or subheadings, nor should it be construed as such.

the allegations as alleged.

## THE PARTIES

**Defendants**

8.      Ms. Geronimo admits that Scale Facilitation has offices located on Floor 82 of One World Trade Center, New York, New York 10007, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      Ms. Geronimo admits, upon information and belief, that Scale Facilitation is the investment management business focused on scaling technology and other innovations but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.     Ms. Geronimo, upon information and belief, admits the allegations in Paragraph 10 of the Complaint.

11.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 16 of the Complaint.

17.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations as alleged in Paragraph 18 of the Complaint.

19.     Ms. Geronimo, upon information and belief, admits the allegations in Paragraph 19 of the Complaint.

20.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations as alleged in Paragraph 20 of the Complaint.

21.     Ms. Geronimo denies the allegations in Paragraph 21 of the Complaint.

22.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complainant.

24.     Ms. Geronimo denies the allegations as alleged in Paragraph 24 of the Complaint.

**Plaintiffs**

25.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the

090873\2\170540409.v1

truth of the allegations in Paragraph 28 of the Complaint.

29.     Ms. Geronimo, upon information and belief, admits that Plaintiff Root was the Office Manager, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint.

30.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     Ms. Geronimo, upon information and belief, admits that Plaintiff Fitzsimonds was an SFO (Operations) intern, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint.

32.     Ms. Geronimo, upon information and belief, admits the allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint contain incomplete legal conclusions to which no response is required and denies that they were employees of Ms. Geronimo.

### FLSA COLLECTIVE ACTION ALLEGATIONS

34.     Ms. Geronimo admits that Plaintiffs purport to bring the claims alleged in in Paragraph 34 of the Complaint.

35.     Ms. Geronimo denies the allegations as alleged in Paragraph 35 of the Complaint.

36.     Ms. Geronimo denies the allegations as alleged in Paragraph 36 of the Complaint.

### <u>STATEMENT OF FACTS</u>

37.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     Ms. Geronimo, upon information and belief, admits the allegations in Paragraph 38

090873\2\170540409.v1

of the Complaint.

39.     Ms. Geronimo, upon information and belief, admits the allegations in Paragraph 39 of the Complaint.

40.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44.     Ms. Geronimo, upon information and belief, admits the allegations in Paragraph 44 of the Complaint.

45.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

090873\2\170540409.v1

50.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52.     Ms. Geronimo denies the allegations as alleged in Paragraph 52 of the Complaint.

53.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

090873\2\170540409.v1

62.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

## **FIRST CAUSE OF ACTION**

### **(AS AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT)**

72.     Ms. Geronimo repeats and realleges Paragraphs "1" through "71" above as if fully

090873\2\170540409.v1

set forth herein in response to Paragraph "72" of the Complaint.

73.     The allegations in Paragraph 73 of the Complaint constitute legal conclusions, to which no response is required, and Ms. Geronimo respectfully refers this Court to the referenced statutes for the true and correct contents thereof, and to the extent that a response is required, Ms. Geronimo denies that Defendants are employers as alleged therein.

74.     The allegations in Paragraph 74 of the Complaint constitute legal conclusions, to which no response is required, and to the extent a responsive pleading is required, Ms. Geronimo denies the allegations in Paragraph 74 of the Complaint, and Ms. Geronimo respectfully refers this Court to the referenced statutes for the true and correct contents thereof.

75.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.     Ms. Geronimo denies the allegations as alleged in Paragraph 78 of the Complaint.

79.     Ms. Geronimo denies the allegations as alleged in Paragraph 79 of the Complaint.

80.     Ms. Geronimo denies the allegations as alleged in Paragraph 80 of the Complaint.

81.     Ms. Geronimo denies the allegations as alleged in Paragraph 81 of the Complaint.

82.     Ms. Geronimo denies the allegations as alleged in Paragraph 82 of the Complaint.

83.     The allegations in Paragraph 83 of the Complaint constitute legal conclusions, to which no response is required, and Ms. Geronimo respectfully refers this Court to the referenced statutes for the true and correct contents thereof.

## SECOND CAUSE OF ACTION

### (UNLAWFUL WITHHOLDING OF PLAINTIFFS' WAGES AND DEDUCTIONS FROM SAME AS AGAINST ALL DEFENDANTS PURSUANT TO NEW YORK LABOR LAW)

84.     Ms. Geronimo repeats and realleges Paragraphs "1" through "83" above as if fully set forth herein in response to Paragraph "84" of the Complaint.

85.     Ms. Geronimo denies the allegations as alleged in Paragraph 85 of the Complaint.

86.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "86" of the Complaint.

87.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "87" of the Complaint.

88.     Ms. Geronimo denies the allegations as alleged in Paragraph 88 of the Complaint.

## THIRD CAUSE OF ACTION

### (VIOLATION FOR FAILURE TO PROVIDE PLAITNIFF WITH PAYSTUBS AND FAILURE TO PROVIDE PAYROLL NOTICE PURSUANT TO NYLL AS AGAINST DEFENDANT SCALE)

89.     Ms. Geronimo repeats and realleges Paragraphs "1" through "88" above as if fully set forth herein in response to Paragraph "89" of the Complaint.

90.     Ms. Geronimo denies the allegations as alleged in Paragraph 90 of the Complaint.

91.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "91" of the Complaint.

92.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "92" of the Complaint.

93.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "93" of the Complaint.

94.     Ms. Geronimo denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph "94" of the Complaint.

95.    Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "95" of the Complaint.

96.    Ms. Geronimo denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "96" of the Complaint.

97.    Ms. Geronimo denies the allegations as alleged in Paragraph "91" of the Complaint.

Ms. Geronimo admits that Plaintiffs seek the relief set forth in the **WHEREFORE** clause of the Complaint, and all of its subparts (A) through (H), but does denies that such relief is appropriate as sought, that Ms. Geronimo engaged in any of the unlawful conduct alleged, or that Plaintiffs are entitled to any relief from Ms. Geronimo.

## MS. GERONIMO'S DEFENSES

Ms. Geronimo asserts the following defenses and affirmative defenses, the latter outlined in Rule 8(c) of the Federal Rules of Civil Procedure ("FRCP"). By setting forth these defenses, Ms. Geronimo does not assume the burden of proof of any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs or where such burden of proof does not otherwise exist as a matter of law. In addition, nothing stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiffs' allegations.

1.    Plaintiffs' Complaint fails, in whole or in part, to state a claim against Ms. Geronimo upon which relief can be granted.

2.    Plaintiffs' claims against Ms. Geronimo are barred, in whole or in part, by documentary evidence.

3.    Plaintiffs' claims against Ms. Geronimo for damages are barred or limited by Ms.

090873\2\170540409.v1

Geronimo's good faith efforts to comply with applicable law.

4.      Plaintiffs' Complaint fails to state a claim against Ms. Geronimo upon which either pre-judgment or post-judgment interest, liquidated damages or attorneys' fees and costs may be awarded.

5.      Plaintiffs cannot establish or maintain a class or collective action because it cannot be demonstrated that a class or collective action is superior to other methods available for adjudicating any purported controversy.

6.      Plaintiffs' purported class or collective action claims against Ms. Geronimo are barred as class or collective action relief is not appropriate because Ms. Geronimo did not act pursuant to a uniform policy or plan.

7.      Plaintiffs lack standing to be and are not an adequate representative of the putative class or collective action, and as such, the Court should not authorize notice to be issued or a class or collective action to be maintained.

8.      Plaintiffs' purported class or collective action claims are barred, as Plaintiffs are not similarly situated to any putative class or collective action individuals.

9.      Class or collective action relief is not appropriate, because individual liability and damages issues predominate over issues generally applicable to the purported class or collective.

10.     Plaintiffs are unable to meet the criteria necessary to maintain a class or collective action.

11.     This case is not appropriate for class or collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and the purported class and collective action members.

12.     Ms. Geronimo is not proper party defendants to this Action.

090873\2\170540409.v1

13.     Ms. Geronimo was not Plaintiffs' employer as defined under the FLSA and/or the NYLL.

14.     Ms. Geronimo hereby gives notice that she intends to rely upon such other and further defenses as may become available during discovery in this Action and reserve the right to amend their Answer to assert any such defenses.

**WHEREFORE**, with respect to Plaintiffs' Complaint, Ms. Geronimo respectfully requests:

a.      That the Complaint be dismissed with prejudice against Ms. Geronimo, and that Plaintiff and the purported class and collective take nothing thereby;

b.      That the purported class not be certified with respect to any purported claims against Ms. Geronimo;

c.      That the purported collective not be certified (conditionally or otherwise) with respect to any purported claims against Ms. Geronimo;

d.      That judgment be entered in favor of Ms. Geronimo and against Plaintiffs on all claims against Ms. Geronimo;

e.      That Ms. Geronimo be awarded her attorneys' fees and costs incurred in defense of this Action, and;

f.      For such other and further relief as the Court deems proper.

**MS. GERONIMO'S CROSS CLAIMS AGAINST**
**SCALE FACILITATION AND MR. COLLARD**

Cross Claimant Ms. Geronimo, by and through her undersigned attorneys, as and for her Cross Claims against defendants Scale Facilitation and David A. Collard, alleges as follows:

090873\2\170540409.v1

## NATURE OF THE CROSS CLAIMS

1.      The Cross Claims seek damages and equitable relief based upon Scale Facilitation and Mr. Collard's willful violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12 §142-2.2, by failing to pay earned wages, failure to pay earned wages when due, failure to furnish Ms. Geronimo with required pay rate and wages notices, and for SaniteX Global Pty Ltd trading as SaniteX Global and 3C USA LLC, d/b/a SaniteX Global, both Scale Facilitation service companies, 3C USA LLC d/b/a SaniteX Global and SaniteX Global LLC d/b/a Scale Facilitation (collectively, "Scale Facilitation") and Mr. Collard's unjust enrichment from their foregoing unlawful acts.

## PARTIES

2.      Scale Facilitation has offices on Floor 82 of One World Trade Center, New York, New York 10007.

3.      Scale Facilitation is in the investment management business focusing on investment management and focused on scaling technology and other innovations.

4.      Mr. Collard is the founder and chief executive officer of Scale Facilitation.

5.      Ms. Geronimo was employed by Scale Facilitation and Mr. Collard in New York County in the State of New York.

6.      Ms. Geronimo is a resident of the City of New York, State of New York.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over these Cross Claims pursuant to 28 U.S.C. § 1331, as they are brought under the federal FLSA, 29 U.S.C. §§ 201, *et seq*.

8.      This Court has supplemental jurisdiction over all state law claims brought pursuant to 28 U.S.C. § 1367.

090873\2\170540409.v1

9.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Southern District of New York has personal jurisdiction over Scale Facilitation and Mr. Collard and a substantial part of the events or omissions giving rise to Ms. Geronimo's Cross Claims occurred in the Southern District of New York.

## **ALLEGATIONS COMMON TO ALL CROSS CLAIMS**

10.     Mr. Collard was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3) based on the level of control Mr. Collard had and/or exercised over the terms and conditions of Ms. Geronimo's employment.

11.     Mr. Collard had the authority to and did make personnel decisions including, but not limited to, directing, permitting, authorizing, and supervising Ms. Geronimo's work, her work duties, her work hours and any increase or decrease in those work hours, and hiring and firing decisions, and whether required pay rate and wage notices would be provided to Ms. Geronimo.

12.     Mr. Collard also had the authority to and did make payroll decisions including, but not limited to, setting and modifying the compensation for Ms. Geronimo, determining what days and hours of work would actually be paid.

13.     At all times relevant, Scale Facilitation and Mr. Collard's aforementioned unlawful common and uniform policy, pattern and practice of violating the FLSA and the NYLL has been willful.

14.     Ms. Geronimo was employed by Scale Facilitation and Mr. Collard as Managing Director from in or about June 2022 to February 20, 2023, and was promoted to CFO of US region on February 21, 2023, a position that she held through her resignation date of August 10, 2023.

15.     From on or about May 1, 2023, through August 10, 2023, Scale Facilitation and Mr. Collard failed to pay Ms. Geronimo's wages on any basis let alone a salary basis required for

an exempt classification under the FLSA and NYLL.

16.     From on or about May 1, 2023, through August 10, 2023, Ms. Geronimo worked an average of 60 hours each week.

17.     Based on Ms. Geronimo's gross salary amount, her regular rate of pay was $240.38 per hour, and her overtime rate was $360.57 per hour for all hours worked over 40 hours in a workweek.

## DEFENDANTS' WILLFUL VIOLATIONS

18.     Scale Facilitation and Mr. Collard are aware of their obligations under the FLSA and the NYLL.

19.     Despite Scale Facilitation and Mr. Collard's knowledge and awareness of their obligations under the FLSA and the NYLL, they failed to pay earned wages, to pay earned wages when due, and to provide required pay rate notices to Ms. Geronimo, and upon information and belief, failed to maintain required records of Ms. Geronimo's hours worked.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE FLSA CLAIMS

20.     Ms. Geronimo brings the First and Second Cross Claims herein, pursuant to 29 U.S.C. § 216(b).

21.     At all times relevant, Ms. Geronimo was an "employee" within the meaning of the FLSA, 29 U.S.C. 28 § 203(e).

22.     At all times relevant, Scale Facilitation and Mr. Collard have each been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

23.     At all times relevant, Mr. Collard acted directly or indirectly in the interest of Scale Facilitation.

24.     At all times relevant, Scale Facilitation, upon information and belief, had an annual

gross volume of sales made or business done that is not less than $500,000 and have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE NYLL CLAIMS

25.    At all times relevant to the Cross Claims, Ms. Geronimo was an "employee" within the meaning of NYLL § 190(2).

26.    At all times relevant, Scale Facilitation and Mr. Collard have each been an "employer" within the meaning of NYLL § 190(3).

27.    Ms. Geronimo is entitled to and is claiming liquidated damages on her NYLL claims.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's unlawful failure to pay wages and overtime wages)**
**AN FLSA VIOLATION**

28.    Ms. Geronimo repeats and realleges each of the foregoing allegations as if fully set forth herein.

29.    Scale Facilitation and Mr. Collard employed Ms. Geronimo for workweeks and willfully failed to compensate Ms. Geronimo for the time worked in violation of the requirement of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

30.    Scale Facilitation and Mr. Collard's violations of the FLSA, as described in this Complaint, have been willful and intentional.

31.    Scale Facilitation and Mr. Collard did not make a good faith effort to comply with the FLSA with respect to Ms. Geronimo's compensation for time worked.

32.    Because Scale Facilitation and Mr. Collard's violations of the FLSA were willful, a 3-year statute of limitations applies pursuant to 29 U.S.C. § 255.

090873\2\170540409.v1

33.     As a consequence of Scale Facilitation and Mr. Collard's violations, Scale Facilitation and Mr. Collard are liable to Ms. Geronimo in the amount of her unpaid compensation, overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Scale Facilitation and Mr. Collard's unlawful failure to pay wages and overtime wages)**
**A NYLL VIOLATION**

34.     Ms. Geronimo repeats and realleges each of the foregoing allegations as if fully set forth herein.

35.     Scale Facilitation and Mr. Collard employed Ms. Geronimo for workweeks and willfully failed to compensate Ms. Geronimo for the time worked in violation of the requirements of the NYLL.

36.     By the course of conduct set forth above, Scale Facilitation and Mr. Collard have violated NYLL § 650, *et seq*., and 12 N.Y.C.R.R. 142.

37.     Scale Facilitation and Mr. Collard's failure to pay earned wages to Ms. Geronimo was willful within the meaning of NYLL § 663.

38.     Scale Facilitation and Mr. Collard also failed to pay Ms. Geronimo for her 149.33 hours of accrued but unused vacation and sick time upon her separation of employment.

39.     As a consequence of the willful underpayment of wages, alleged above, Ms. Geronimo has incurred damages thereby and Scale Facilitation and Mr. Collard are indebted to them in the amount of the unpaid wages and overtime wages and such other legal and equitable relief due to Scale Facilitation and Mr. Collard's unlawful and willful conduct as the Court deems just and proper.

40.     Ms. Geronimo seeks recovery of her attorneys' fees, interest, and costs to be paid

090873\2\170540409.v1

by Scale Facilitation and Mr. Collard as provided by the NYLL.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's failure to pay wages when due)**
**A NYLL VIOLATION**

41.     Ms. Geronimo repeats and realleges each of the foregoing allegations as if fully set forth herein.

42.     Scale Facilitation and Mr. Collard have failed to pay Ms. Geronimo all wages and overtime wages for the hours she worked for them.  The NYLL requires that wages be paid on the employee's regular payday for all hours worked.

43.     Due to Scale Facilitation and Mr. Collard's violations of the NYLL, Ms. Geronimo is entitled to recover from Scale Facilitation and Mr. Collard her unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's violation of their pay rate and wage notice requirements)**
**A NYLL VIOLATION**

44.     Ms. Geronimo repeats and realleges each of the foregoing allegations as if fully set forth herein.

45.     Scale Facilitation and Mr. Collard failed to supply Ms. Geronimo with written notice of, among other things, how she was paid, and her rates of pay, as well as a paystub for the payroll period ending April 30, 2023, as required by NYLL § 195.

46.     Due to Scale Facilitation and Mr. Collard's violations of NYLL § 195, Ms. Geronimo is entitled to statutory damages pursuant to NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

090873\2\170540409.v1

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Scale Facilitation and Mr. Collard's unjust enrichment based on their failure to pay wages)**
**A COMMON LAW VIOLATION**

47.     Ms. Geronimo repeats and realleges each of the foregoing allegations as if fully set forth herein.

48.     At all times material to this Complaint, Scale Facilitation and Mr. Collard, through their policies and actions, benefited from, and increased their profits and personal compensation by failing to pay Ms. Geronimo all wages due for work performed.

49.     Scale Facilitation and Mr. Collard accepted and received the benefits of the work performed by Ms. Geronimo at the expense of Ms. Geronimo.

50.     Mr. Collard was unjustly enriched as he was the founder and chief executive officer of Scale Facilitation.

51.     It is inequitable and unjust for Scale Facilitation and Mr. Collard to reap the benefits of Ms. Geronimo's labor, which includes unpaid wages.

52.     Ms. Geronimo is entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Scale Facilitation and Mr. Collard plus interest on these amounts.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Geronimo respectfully requests the following relief:

A.     That Scale Facilitation and Mr. Collard are found to have violated the provisions of the FLSA and the NYLL with respect to Ms. Geronimo's claims;

B.     That Scale Facilitation and Mr. Collard's violations of the FLSA and the NYLL are found to be willful violations with respect to Ms. Geronimo's claims;

C.     All damages that Ms. Geronimo has sustained as a result of Scale Facilitation and

090873\2\170540409.v1

Mr. Collard's conduct, including all of Ms. Geronimo's unpaid wages;

D.      An additional and equal amount in unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216;

E.      An additional and equal amount in unpaid wages as liquidated damages pursuant to NYLL § 215;

F.      Statutory damages pursuant to NYLL §§ 198 and 663;

G.      Awarding Ms. Geronimo her reasonable attorneys' fees and costs;

H.      Pre-judgment and post-judgment interest, as provided by law;

I.      Granting Ms. Geronimo other and further relief as this Court finds necessary and proper.

Dated: March 11, 2024
      New York, New York

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant/Cross Claimant Vanessa Geronimo*


By:   *s/Tara Toevs Carolan*
      Tara Toevs Carolan
      1350 Broadway, 11th Floor
      New York, New York 10018
      (212) 216-8000
      tcarolan@tarterkrinsky.com