UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA FITZSIMONDS, in their individual capacities and on behalf of all others similarly situated,

                         Plaintiffs,

- against -

SCALE FACILITATION®, DAVID A. COLLARD, VANESSA GERONIMO, MICHAEL WINN, AND JACKIE NOLLER,

                         Defendants.

-------------------------------------------------------------------X

VANESSA GERONIMO,

                         Cross-Claimant,

- against -

SCALE FACILITATION® and DAVID A. COLLARD,

                         Cross-Defendants.

Case No. 1:23-cv-09482-JPO

**DEFENDANT/CROSS-DEFENDANT DAVID A. COLLARD'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT AND DEFENDANT/CROSS-CLAIMANT VANESSA GERONIMO'S CROSS-CLAIMS**

     Defendant/Cross-Defendant David A. Collard ("Collard") files this Answer and Affirmative and Other Defenses to Plaintiffs' Class and Collective Action Complaint ("Original Complaint") and Defendant/Cross-Claimant Vanessa Geronimo's Cross-Claims ("Cross-Claims").

## ANSWER TO ORIGINAL COMPLAINT

     Subject to the affirmative and other defenses below and reserving the right to assert additional defenses and/or amend his Answer as additional facts are discovered during this lawsuit, Collard pleads as follows to the specific allegations of Plaintiffs' Original Complaint. Collard is not the proper defendant employer in this matter. The employer entity of Plaintiffs in this matter was Sanitex Global LLC and not Collard.

**<u>NATURE OF THE ACTION</u>**

1. Collard admits that Plaintiffs bring this action seeking equitable and legal relief for alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), the New York Labor Law § 190 et seq. and Article 19 § 650 et seq. ("NYLL") and applicable wage orders, but denies that he has engaged in any unlawful conduct and that Plaintiffs are entitled to any relief.

2. Collard denies the allegations in Paragraph 2 of Plaintiffs' Original Complaint.

3. Collard denies the allegations in Paragraph 3 of Plaintiffs' Original Complaint.

4. Collard denies the allegations in Paragraph 4 of Plaintiffs' Original Complaint.

**<u>JURISDICTION AND VENUE</u>**

5. Collard admits that the Court has subject matter jurisdiction as alleged in Paragraph 5 of Plaintiffs' Original Complaint over the claims on the Named Plaintiffs.  Collard denies, however, that the Court has subject matter jurisdiction over the claims of any putative class member plaintiffs who did not work or reside in New York.

6. Collard denies the allegations in Paragraph 6 of Plaintiffs' Original Complaint.

7. Collard admits the allegations in Paragraph 7 of Plaintiffs' Original Complaint, except for putative class members who did not reside or work in New York..

**<u>THE PARTIES</u>**

**Defendants**

8. Collard admits that Scale Facilitation has offices on Floor 82 of One World Trade Center, New York, New York 10007, but denies the remaining allegations in Paragraph 8 of Plaintiffs' Original Complaint.

9. Collard admits that Scale Facilitation is in the investment management business

focusing on investment management and focused on scaling technology and other innovations, but denies the remaining allegations in Paragraph 9 of Plaintiffs' Original Complaint.

10. Collard admits the allegations in Paragraph 10 of Plaintiffs' Original Complaint.

11. Collard admits that Sanitex Global LLC is the employing entity for Plaintiffs, but denies the remaining allegations in Paragraph 11 of Plaintiffs' Original Complaint.

12. Collard denies the allegations in Paragraph 12 of Plaintiffs' Original Complaint.

13. Collard denies the allegations in Paragraph 13 of Plaintiffs' Original Complaint.

14. Collard denies the allegations in Paragraph 14 of Plaintiffs' Original Complaint.

15. Collard denies the allegations in Paragraph 15 of Plaintiffs' Original Complaint.

16. Collard denies the allegations in Paragraph 16 of Plaintiffs' Original Complaint.

17. Collard denies the allegations in Paragraph 17 of Plaintiffs' Original Complaint.

18. Collard admits that he is the founder and chief executive officer of Scale Facilitation but denies the remaining allegations in Paragraph 18 of Plaintiffs' Original Complaint.

19. Collard admits the allegations in Paragraph 19 of Plaintiffs' Original Complaint.

20. Collard denies the allegations in Paragraph 20 of Plaintiffs' Original Complaint.

21. Collard denies the allegations in Paragraph 21 of Plaintiffs' Original Complaint.

22. Collard denies the allegations in Paragraph 22 of Plaintiffs' Original Complaint.

23. Collard denies the allegations in Paragraph 23 of Plaintiffs' Original Complaint.

24. Collard denies the allegations in Paragraph 24 of Plaintiffs' Original Complaint.

**Plaintiffs**

25. Collard denies the allegations in Paragraph 25 of Plaintiffs' Original Complaint.

26. Collard lacks sufficient information to admit or deny the allegations in Paragraph 26 of

Plaintiffs' Original Complaint, and thus denies the same.

27. Collard lacks sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiffs' Original Complaint, and thus denies the same.

28. Collard lacks sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiffs' Original Complaint, and thus denies the same.

29. Collard lacks sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiffs' Original Complaint, and thus denies the same.

30. Collard lacks sufficient information to admit or deny the allegations in Paragraph 30 of Plaintiffs' Original Complaint, and thus denies the same.

31. Collard lacks sufficient information to admit or deny the allegations in Paragraph 31 of Plaintiffs' Original Complaint, and thus denies the same.

32. Collard lacks sufficient information to admit or deny the allegations in Paragraph 32 of Plaintiffs' Original Complaint, and thus denies the same.

33. Collard lacks sufficient information to admit or deny the allegations in Paragraph 33 of Plaintiffs' Original Complaint, and thus denies the same.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Collard admits that Plaintiffs bring claims for relief as a collective action pursuant to the FLSA on behalf of employees employed by Defendant Scale Facilitation six years before the filing of the Original Complaint, but denies that he has engaged in any unlawful conduct, that collective treatment is proper, and that Plaintiffs are entitled to any relief.

35. Collard denies the allegations in Paragraph 35 of Plaintiffs' Original Complaint.

36. Collard denies the allegations in Paragraph 36 of Plaintiffs' Original Complaint.

## STATEMENT OF FACTS

37. Collard lacks sufficient information to admit or deny the allegations in Paragraph 37 of Plaintiffs' Original Complaint, and thus denies the same.

38. Collard admits the allegations in Paragraph 38 of Plaintiffs' Original Complaint.

39. Collard lacks sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiffs' Original Complaint, and thus denies the same.

40. Collard lacks sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiffs' Original Complaint, and thus denies the same.

41. Collard lacks sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiffs' Original Complaint, and thus denies the same.

42. Collard lacks sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiffs' Original Complaint, and thus denies the same.

43. Collard lacks sufficient information to admit or deny the allegations in Paragraph 43 of Plaintiffs' Original Complaint, and thus denies the same.

44. Collard lacks sufficient information to admit or deny the allegations in Paragraph 44 of Plaintiffs' Original Complaint, and thus denies the same.

45. Collard lacks sufficient information to admit or deny the allegations in Paragraph 45 of Plaintiffs' Original Complaint, and thus denies the same.

46. Collard lacks sufficient information to admit or deny the allegations in Paragraph 46 of Plaintiffs' Original Complaint, and thus denies the same.

47. Collard lacks sufficient information to admit or deny the allegations in Paragraph 47 of Plaintiffs' Original Complaint, and thus denies the same.

48. Collard admits the allegations in Paragraph 48 of Plaintiffs' Original Complaint.

49. Collard lacks sufficient information to admit or deny the allegations in Paragraph 49 of Plaintiffs' Original Complaint, and thus denies the same.

50. Collard lacks sufficient information to admit or deny the allegations in Paragraph 50 of Plaintiffs' Original Complaint, and thus denies the same.

51. Collard lacks sufficient information to admit or deny the allegations in Paragraph 51 of Plaintiffs' Original Complaint, and thus denies the same.

52. Collard lacks sufficient information to admit or deny the allegations in Paragraph 52 of Plaintiffs' Original Complaint, and thus denies the same.

53. Collard lacks sufficient information to admit or deny the allegations in Paragraph 53 of Plaintiffs' Original Complaint, and thus denies the same.

54. Collard lacks sufficient information to admit or deny the allegations in Paragraph 54 of Plaintiffs' Original Complaint, and thus denies the same.

55. Collard lacks sufficient information to admit or deny the allegations in Paragraph 55 of Plaintiffs' Original Complaint, and thus denies the same.

56. Collard lacks sufficient information to admit or deny the allegations in Paragraph 56 of Plaintiffs' Original Complaint, and thus denies the same.

57. Collard lacks sufficient information to admit or deny the allegations in Paragraph 57 of Plaintiffs' Original Complaint, and thus denies the same.

58. Collard lacks sufficient information to admit or deny the allegations in Paragraph 58 of Plaintiffs' Original Complaint, and thus denies the same.

59. Collard lacks sufficient information to admit or deny the allegations in Paragraph 59 of Plaintiffs' Original Complaint, and thus denies the same.

60. Collard lacks sufficient information to admit or deny the allegations in Paragraph 60 of

Plaintiffs' Original Complaint, and thus denies the same.

61. Collard lacks sufficient information to admit or deny the allegations in Paragraph 61 of Plaintiffs' Original Complaint, and thus denies the same.

62. Collard lacks sufficient information to admit or deny the allegations in Paragraph 62 of Plaintiffs' Original Complaint, and thus denies the same.

63. Collard lacks sufficient information to admit or deny the allegations in Paragraph 63 of Plaintiffs' Original Complaint, and thus denies the same.

64. Collard lacks sufficient information to admit or deny the allegations in Paragraph 64 of Plaintiffs' Original Complaint, and thus denies the same.

65. Collard lacks sufficient information to admit or deny the allegations in Paragraph 65 of Plaintiffs' Original Complaint, and thus denies the same.

66. Collard lacks sufficient information to admit or deny the allegations in Paragraph 66 of Plaintiffs' Original Complaint, and thus denies the same.

67. Collard lacks sufficient information to admit or deny the allegations in Paragraph 67 of Plaintiffs' Original Complaint, and thus denies the same.

68. Collard lacks sufficient information to admit or deny the allegations in Paragraph 68 of Plaintiffs' Original Complaint, and thus denies the same.

69. Collard lacks sufficient information to admit or deny the allegations in Paragraph 69 of Plaintiffs' Original Complaint, and thus denies the same.

70. Collard lacks sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiffs' Original Complaint, and thus denies the same.

71. Collard lacks sufficient information to admit or deny the allegations in Paragraph 71 of Plaintiffs' Original Complaint, and thus denies the same.

**FIRST CAUSE OF ACTION**
**(AS AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)[1]**

72. Collard admits that Plaintiffs reallege and incorporate the foregoing paragraphs as alleged in Paragraph 72 of Plaintiffs' Original Complaint, but denies that he engaged in any unlawful conduct and that Plaintiffs are entitled to any relief.  Collard reincorporates his previous responses to Plaintiffs' allegations.

73. Collard admits that Plaintiffs are covered individuals under the FLSA, but denies the remaining allegations in Paragraph 73 of Plaintiffs' Original Complaint.

74. Collard denies the allegations in Paragraph 74 of Plaintiffs' Original Complaint.

75. Collard lacks sufficient information to admit or deny the allegations in Paragraph 75 of Plaintiffs' Original Complaint, and thus denies the same.

76. Collard lacks sufficient information to admit or deny the allegations in Paragraph 76 of Plaintiffs' Original Complaint, and thus denies the same.

77. Collard lacks sufficient information to admit or deny the allegations in Paragraph 77 of Plaintiffs' Original Complaint, and thus denies the same.

78. Collard lacks sufficient information to admit or deny that Plaintiffs intend to obtain records by discovery, and that Plaintiffs may seek leave to amend their complaint, and therefore denies those allegations and denies the remaining allegations in Paragraph 78 of Plaintiffs' Original Complaint.

79. Collard denies the allegations in Paragraph 79 of Plaintiffs' Original Complaint.

80. Collard denies the allegations in Paragraph 80 of Plaintiffs' Original Complaint.

---

[1] Collard restates the headings used by Plaintiffs in their Original Complaint solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard further denies that Plaintiffs have been subjected to any unlawful conduct or that Plaintiffs are entitled to any of the relief they seek.

81. Collard denies the allegations in Paragraph 81 of Plaintiffs' Original Complaint.

82. Collard denies the allegations in Paragraph 82 of Plaintiffs' Original Complaint.

83. Collard denies the allegations in Paragraph 83 of Plaintiffs' Original Complaint.

## SECOND CAUSE OF ACTION
### (UNLAWFUL WITHHOLDING OF PLAINTIFFS' WAGES AND DEDUCTIONS FROM SAME AGAINST ALL DEFENDANTS PURSUANT TO NEW YORK LABOR LAW)[2]

84. Collard admits that Plaintiffs reallege and incorporate the foregoing paragraphs as alleged in Paragraph 84 of Plaintiffs' Original Complaint, but denies that he engaged in any unlawful conduct and that Plaintiffs are entitled to any relief.  Collard reincorporates his previous responses to Plaintiffs' allegations.

85. Collard denies the allegations in Paragraph 85 of Plaintiffs' Original Complaint.

86. Collard lacks sufficient information to admit or deny the allegations in Paragraph 86 of Plaintiffs' Original Complaint, and thus denies the same.

87. Collard denies the allegations in Paragraph 87 of Plaintiffs' Original Complaint.

88. Collard denies the allegations in Paragraph 88 of Plaintiffs' Original Complaint.

## THIRD CAUSE OF ACTION
### (VIOLATION FOR FAILURE TO PROVIDE PLAINTIFF WITH PAYSTUBS AND FAILURE TO PROVIDE PAYROLL NOTICE PURSUANT TO NYLL AS AGAINST DEFENDANT SCALE)[3]

89. Collard admits that Plaintiffs reallege and incorporate the foregoing paragraphs as alleged in Paragraph 89 of Plaintiffs' Original Complaint, but denies that he engaged in any unlawful conduct and that Plaintiffs are entitled to any relief. Collard

---

[2] Collard restates the headings used by Plaintiffs in their Original Complaint solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard denies that Plaintiffs have been subjected to any unlawful conduct or that Plaintiffs are entitled to any of the relief they seek.

[3] Collard restates the headings used by Plaintiffs in their Original Complaint solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in

reincorporates his previous responses to Plaintiffs' allegations.

90. Collard denies the allegations in Paragraph 90 of Plaintiffs' Original Complaint.

91. Collard lacks sufficient information to admit or deny the allegations in Paragraph 91 of Plaintiffs' Original Complaint, and thus denies the same.

92. Collard lacks sufficient information to admit or deny the allegations in Paragraph 92 of Plaintiffs' Original Complaint, and thus denies the same.

93. Collard lacks sufficient information to admit or deny the allegations in Paragraph 93 of Plaintiffs' Original Complaint, and thus denies the same.

94. Collard lacks sufficient information to admit or deny the allegations in Paragraph 94 of Plaintiffs' Original Complaint, and thus denies the same.

95. Collard lacks sufficient information to admit or deny the allegations in Paragraph 95 of Plaintiffs' Original Complaint, and thus denies the same.

96. Collard lacks sufficient information to admit or deny the allegations in Paragraph 96 of Plaintiffs' Original Complaint, and thus denies the same.

97. Collard denies the allegations in Paragraph 97 of Plaintiffs' Original Complaint.

Collard admits that Plaintiffs pray for the relief in subparts (A)-(H), but denies that such relief is appropriate, that he engaged in any unlawful conduct, and that Plaintiffs are entitled to any relief.

## ANSWER TO VANESSA GERONIMO'S CROSS-CLAIMS

Subject to the affirmative and other defenses below and reserving the right to assert additional defenses and/or amend his Answer as additional facts are discovered during this lawsuit, Collard pleads as follows to the specific allegations of Defendant/Cross-Claimant

---

this subheading.  Collard further denies that Plaintiffs have been subjected to any unlawful conduct or that Plaintiffs are entitled to any of the relief they seek.

Vanessa Geronimo's Cross-Claims.  Collard is not the proper defendant employer in this matter. The employer entity of Geronimo in this matter was Sanitex Global LLC and not Collard.

## NATURE OF THE CROSS-CLAIMS

1. Collard admits that Geronimo brings these cross-claims seeking damages and equitable relief for alleged violations of the FLSA, NYLL, and NYCCRR, but denies the remaining allegations in Paragraph 1 of Geronimo's Cross-Claims and further denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.

## PARTIES

2. Collard admits that Scale Facilitation has offices on Floor 82 of One World Trade Center, New York, New York 10007, but denies the remaining allegations in Paragraph 2 of Geronimo's Cross-Claims.

3. Collard admits that Scale Facilitation is in the investment management business focusing on investment management and focused on scaling technology and other innovations, but denies the remaining allegations in Paragraph 3 of Geronimo's Cross-Claims.

4. Collard admits that he is the founder and chief executive officer of Scale Facilitation, but denies the remaining allegations in Paragraph 4 of Geronimo's Cross-Claims.

5. Collard admits that Sanitex Global LLC is the employing entity for Geronimo, but denies the remaining allegations in Paragraph 5 of Geronimo's Cross-Claims.

6. Collard lacks sufficient information to admit or deny the allegations in Paragraph 6 of Geronimo's Cross-Claims, and thus denies the same.

## JURISDICTION AND VENUE

7.  Collard admits that the Court has subject matter jurisdiction over the cross-claims against Collard, but denies the remaining allegations in Paragraph 7 of Geronimo's Cross-Claims.

8.  Collard denies the allegations in Paragraph 8 of Geronimo's Cross-Claims.

9.  Collard admits that venue is proper as to Geronimo's cross-claims against Collard, but denies the remaining allegations in Paragraph 9 of Geronimo's Cross-Claims.

## ALLEGATIONS COMMON TO ALL CROSS-CLAIMS

10. Collard denies the allegations in Paragraph 10 of Geronimo's Cross-Claims.

11. Collard denies the allegations in Paragraph 11 of Geronimo's Cross-Claims.

12. Collard denies the allegations in Paragraph 12 of Geronimo's Cross-Claims.

13. Collard denies the allegations in Paragraph 13 of Geronimo's Cross-Claims.

14. Collard denies the allegations in Paragraph 14 of Geronimo's Cross-Claims.

15. Collard denies the allegations in Paragraph 15 of Geronimo's Cross-Claims.

16. Collard lacks sufficient information to admit or deny the allegations in Paragraph 16 of Geronimo's Cross-Claims, and thus denies the same.

17. Collard lacks sufficient information to admit or deny the allegations in Paragraph 17 of Geronimo's Cross-Claims, and thus denies the same.

## DEFENDANTS' WILLFUL VIOLATIONS[4]

18. Collard admits that he was aware of his obligations under the FLSA and the NYLL, but denies the remaining allegations in Paragraph 18 of Geronimo's Cross-Claims.

---

[4] Collard restates the headings used by Geronimo in her Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this subheading. Collard further denies that Geronimo has been subjected to any unlawful conduct or that Geronimo is entitled to any of the relief she seeks.

Collard further denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.

19. Collard denies the allegations in Paragraph 19 of Geronimo's Cross-Claims.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE FLSA CLAIMS

20. Collard admits that Geronimo brings the First and Second Cross-Claims, but denies that he has engaged in any unlawful conduct and that Geronimo is entitled to any relief.

21. Collard admits the allegations in Paragraph 21 of Geronimo's Cross-Claims, but denies that Geronimo was an employee of Collard.

22. Collard denies the allegations in Paragraph 22 of Geronimo's Cross-Claims.

23. Collard denies the allegations in Paragraph 23 of Geronimo's Cross-Claims.

24. Collard lacks sufficient information to admit or deny the allegations in Paragraph 24 of Geronimo's Cross-Claims, and thus denies the same.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE NYLL CLAIMS

25. Collard admits the allegations in Paragraph 25 of Geronimo's Cross-Claims, but denies that Geronimo was an employee of Collard.

26. Collard denies the allegations in Paragraph 26 of Geronimo's Cross-Claims.

27. Collard denies the allegations in Paragraph 27 of Geronimo's Cross-Claims.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Scale Facilitation and Mr. Collard's unlawful failure to pay wages and overtime wages)
### AN FLSA VIOLATION[5]

28. Collard admits that Geronimo realleges and incorporates the foregoing paragraphs as

---

[5] Collard restates the headings used by Geronimo in her Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this subheading. Collard further denies that Geronimo has been subjected to any unlawful conduct or that Geronimo is entitled to any of the relief she seeks.

alleged in Paragraph 28 of Geronimo's Cross-Claims, but denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.  Collard reincorporates his previous responses to Geronimo's allegations.

29. Collard denies the allegations in Paragraph 29 of Geronimo's Cross-Claims.

30. Collard denies the allegations in Paragraph 30 of Geronimo's Cross-Claims.

31. Collard denies the allegations in Paragraph 31 of Geronimo's Cross-Claims.

32. Collard denies the allegations in Paragraph 32 of Geronimo's Cross-Claims.

33. Collard denies the allegations in Paragraph 33 of Geronimo's Cross-Claims.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's unlawful failure to pay wages and overtime wages)**
**A NYLL VIOLATION[6]**

34. Collard admits that Geronimo realleges and incorporates the foregoing paragraphs as alleged in Paragraph 34 of Geronimo's Cross-Claims, but denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.  Collard reincorporates his previous responses to Geronimo's allegations.

35. Collard denies the allegations in Paragraph 35 of Geronimo's Cross-Claims.

36. Collard denies the allegations in Paragraph 36 of Geronimo's Cross-Claims.

37. Collard denies the allegations in Paragraph 37 of Geronimo's Cross-Claims.

38. Collard denies the allegations in Paragraph 38 of Geronimo's Cross-Claims.

39. Collard denies the allegations in Paragraph 39 of Geronimo's Cross-Claims.

40. Collard denies the allegations in Paragraph 40 of Geronimo's Cross-Claims.

---

[6] Collard restates the headings used by Geronimo in her Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard further denies that Geronimo has been subjected to any unlawful conduct or that Geronimo is entitled to any of the relief she seeks.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Scale Facilitation and Mr. Collard's failure to pay wages when due)**
**A NYLL VIOLATION[7]**

41. Collard admits that Geronimo realleges and incorporates the foregoing paragraphs as alleged in Paragraph 41 of Geronimo's Cross-Claims, but denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.   Collard reincorporates his previous responses to Geronimo's allegations.

42. Collard denies the allegations in Paragraph 42 of Geronimo's Cross-Claims.

43. Collard denies the allegations in Paragraph 43 of Geronimo's Cross-Claims.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Scale Facilitation and Mr. Collard's violation of their pay rate and wage notice requirements)**
**A NYLL VIOLATION[8]**

44. Collard admits that Geronimo realleges and incorporates the foregoing paragraphs as alleged in Paragraph 44 of Geronimo's Cross-Claims, but denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.   Collard reincorporates his previous responses to Geronimo's allegations.

45. Collard denies the allegations in Paragraph 45 of Geronimo's Cross-Claims.

46. Collard denies the allegations in Paragraph 46 of Geronimo's Cross-Claims.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Scale Facilitation and Mr. Collard's unjust enrichment based on their failure to pay wages)**
**A COMMON LAW VIOLATION[9]**

---

[7] Collard restates the headings used by Geronimo in her Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard further denies that Geronimo has been subjected to any unlawful conduct or that Geronimo is entitled to any of the relief she seeks.

[8] Collard restates the headings used by Geronimo in her Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard further denies that Geronimo has been subjected to any unlawful conduct or that Geronimo is entitled to any of the relief she seeks.

47. Collard admits that Geronimo realleges and incorporates the foregoing paragraphs as alleged in Paragraph 47 of Geronimo's Cross-Claims, but denies that he engaged in any unlawful conduct and that Geronimo is entitled to any relief.   Collard reincorporates his previous responses to Geronimo's allegations.

48. Collard denies the allegations in Paragraph 48 of Geronimo's Cross-Claims.

49. Collard denies the allegations in Paragraph 49 of Geronimo's Cross-Claims.

50. Collard denies the allegations in Paragraph 50 of Geronimo's Cross-Claims.

51. Collard denies the allegations in Paragraph 51 of Geronimo's Cross-Claims.

52. Collard denies the allegations in Paragraph 52 of Geronimo's Cross-Claims.

**PRAYER FOR RELIEF**

Collard admits that Geronimo prays for the relief in subparts (A)-(I), but denies that such relief is appropriate, that he engaged in any unlawful conduct, and that Geronimo is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Collard pleads the following affirmative and other defenses to Plaintiffs' Original Complaint and Geronimo's Cross-Claims, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Collard is not the proper defendant employer in this matter.  The employer entity of the Plaintiffs and Geronimo in this matter was Sanitex Global LLC and not Collard.

2. Collard was not the employer of Plaintiffs and Geronimo as defined under the FLSA and/or the NYLL.

---

[9] Collard restates the headings used by Geronimo in her Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard further denies that Geronimo has been subjected to any unlawful conduct or that Geronimo is entitled to any of the relief she seeks.

3. Plaintiffs' Claims and Geronimo's Cross-Claims fail, in whole or in part, to state a claim against Collard upon which relief can be granted.

4. Any cause of action or claim for damages under the FLSA stated in Plaintiffs' Original Complaint and/or Geronimo's Cross-Claims arising more than two years before the filing of the lawsuit is barred by the statute of limitations set forth at 29 U.S.C. § 255(a).

5. Plaintiffs and Geronimo fail to state a claim for gap time or straight time pay under the FLSA or NYLL because no such claim exists under the FLSA or NYLL.  *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("[T]he FLSA does not provide a cause of action for unpaid gap time."); *Savor Health, LLC v. Day*, No. 19-CV-9798 (RA), 2022 WL 912236, at *7 (S.D.N.Y. Mar. 29, 2022) ("Accordingly, the Court concludes that a 'gap-time' claim that seeks wages owed that exceed the state minimum wage is not cognizable under the NYLL.").

6. The allegations in Plaintiffs' Original Complaint and/or Geronimo's Cross-Claims are insufficient to establish that Collard engaged in willful conduct as defined by the FLSA and relevant case law.  Thus, any relevant period of consideration in this matter is limited to a two-year period prior to the institution of this lawsuit.

7. Any cause of action or claim for damages stated in Plaintiffs' Original Complaint and/or Geronimo's Cross-Claims under NYLL is barred by the applicable statute of limitations.

8. Any acts or omissions by Collard with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage and Hour Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel.

9. To the extent sought, pre-judgment interest is not available in a case brought pursuant to

29 U.S.C. §§ 216 and 260 or the NYLL.

10. Plaintiffs and Geronimo have been fully compensated for all hours worked and for all overtime in accordance with the requirements of the FLSA and NYLL.

11. Plaintiffs and Geronimo cannot satisfy their burden of proof with respect to any alleged damages suffered.

12. Assuming, *arguendo*, Plaintiffs and Geronimo are entitled to recover damages in this action, Plaintiffs and Geronimo cannot recover for noncompensable or *de minimus* matters and Plaintiffs' claims and Geronimo's claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiffs and Geronimo during the time period for which damages are sought, including any time for which Plaintiffs and Geronimo were paid but did not work.

13. Subject to further discovery, Plaintiffs and Geronimo cannot recover for alleged losses and damages, if any, that are the result of, and directly related to, Plaintiffs' and/or Geronimo's own conduct, actions and/or failure to act.

14. Plaintiffs' claims and Geronimo's claims under the NYLL, if not preempted in whole or in part by federal law, are barred in whole or in part because Plaintiffs and/or Geronimo failed to establish the statutory prerequisites for these claims.

15. Plaintiffs and Geronimo cannot recover under state laws for any allegedly failure to pay overtime that is attributable to work performed outside of the state whose law was allegedly violated.

16. Plaintiffs and Geronimo are not entitled to recover overtime pay or obtain other relief pursuant to the law of any state in which they performed no work.

17. Plaintiffs and Geronimo are not entitled to double or duplicative recovery.

18. Plaintiffs and Geronimo cannot recover any damages or duplicative relief under state law to the extent that such damages or relief are duplicative of damages or relief realized through an FLSA claim.

19. The allegations in Plaintiffs' Original Complaint are insufficient to establish that Plaintiffs and the individuals they seek to represent are similarly situated for purposes of maintaining a representative action pursuant to the requirements of 29 U.S.C. § 216(b).

20. The purported class definition is not sufficiently precise to meet the requirements of a collective action under the FLSA or a class action under the NYLL.

21. Plaintiffs' allegations assume that all of the alleged plaintiffs worked the same schedule and number of hours, which is not true.  In most or all circumstances, no overtime compensation is owed because no overtime was worked.

22. Assuming, *arguendo*, Collard did employ Plaintiffs and/or Geronimo as defined under 29 U.S.C. § 203(e)(1), Plaintiffs and Geronimo are exempt from the overtime provisions of 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213, including the administrative, executive, professional exemptions, some combination thereof, and/or the highly compensated employee exemption.

23. Plaintiffs and Geronimo cannot satisfy their burden of proof with respect to any alleged damages suffered.

24. To the extent sought, Plaintiffs and Geronimo are not entitled to a jury determination regarding attorneys' fees or liquidated damages.

25. Plaintiffs' claims for damages and Geronimo's claims for damages are capped or limited in accordance with applicable law.

26. Plaintiffs' claims and Geronimo's claims related to their employee benefits are barred

and/or preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This includes but is not limited to the claims for failures to make proper deductions for wire transfers and claims related to pay notices and stubs. Further, to the extent claims are barred or preempted by ERISA, Plaintiffs and Geronimo are not allowed to recover their attorney's fees for such claims.

27. Subject to further discovery, Plaintiffs' claims and Geronimo's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, waiver, ratification, lack of promise/benefit, and/or express contract.

Collard further reserves the right to assert other defenses reasonably in advance of trial.

April 10, 2024

Respectfully submitted,

*/s/ Fazila Issa*
Fazila Issa

Mark A. Robertson
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Tel: (212) 318-3304
Fax: (212) 318-3400
mark.robertson@nortonrosefulbright.com

Carter Crow
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Tel: (713) 651-5163
Fax: (713) 651-5246
carter.crow@nortonrosefulbright.com
*Pro-Hac Vice*

OF COUNSEL:
NORTON ROSE FULBRIGHT US LLP
Fazila Issa
Fulbright Tower
1301 McKinney, Suite 5100
Tel: (713) 651-3665
Fax: (713) 651-5246
andrew.yeh@nortonrosefulbright.com
*Pro-Hac Vice*

*Attorneys for Scale Facilitation*

20

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, this pleading was served on opposing counsel on April 10, 2024:

Patrick James Boyd
The Boyd Law Group, PLLC
230 Park Avenue
7th Floor
New York, NY 10177
212-867-3675

*Attorney for Plaintiffs*

Tara Toevs Carolan, Tarter
KRINSKY & DROGIN LLP
1350 Broadway
11th Floor
New York, NY 10018

*Attorney for Defendant Vanessa Geronimo*

*/s/ Fazila Issa*
Fazila Issa
