UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA FITZSIMONDS, in their individual capacities and on behalf of all others similarly situated,

                          Plaintiffs,

     - against -

SCALE FACILITATION®, DAVID A. COLLARD, VANESSA GERONIMO, MICHAEL WINN, AND JACKIE NOLLER,

                          Defendants.
------------------------------------------------------------------------X
VANESSA GERONIMO,

                          Cross-Claimant,

     - against -

SCALE FACILITATION® and DAVID A. COLLARD,

                          Cross-Defendants.
------------------------------------------------------------------------X
MICHAEL WINN,

                          Cross-Claimant,

     - against -

SCALE FACILITATION® and DAVID A. COLLARD,

                          Cross-Defendants.

Case No. 1:23-cv-09482-JPO

**DEFENDANT/CROSS-DEFENDANT DAVID A. COLLARD'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO DEFENDANT/CROSS-CLAIMANT MICHAEL WINN'S CROSS-CLAIMS**

      Defendant/Cross-Defendant David A. Collard ("Collard") files this Answer and Affirmative and Other Defenses to Defendant/Cross-Claimant Michael Winn's Cross-Claims ("Cross-Claims").

## ANSWER TO MICHAEL WINN'S CROSS-CLAIMS

Subject to the affirmative and other defenses below and reserving the right to assert additional defenses and/or amend his Answer as additional facts are discovered during this lawsuit, Collard pleads as follows to the specific allegations of Defendant/Cross-Claimant Michael Winn's Cross-Claims. Collard is not the proper defendant employer in this matter. The employer entity of Michael Winn ("Winn") in this matter was Sanitex Global LLC and not Collard.

## NATURE OF THE CROSS-CLAIMS

1. Collard admits that Winn brings these cross-claims seeking damages and equitable relief for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12 §142-2.2, and unjust enrichment, but denies the remaining allegations in Paragraph 1 of Winn's Cross-Claims and further denies that he engaged in any unlawful conduct and that Winn is entitled to any relief.

## PARTIES

2. Collard admits that Scale Facilitation has offices on Floor 82 of One World Trade Center, New York, New York 10007, but denies the remaining allegations in Paragraph 2 of Winn's Cross-Claims.

3. Collard admits that Scale Facilitation is in the investment management business focusing on investment management and focused on scaling technology and other innovations, but denies the remaining allegations in Paragraph 3 of Winn's Cross-Claims.

4. Collard admits that he is the founder and chief executive officer of Scale Facilitation,

but denies the remaining allegations in Paragraph 4 of Winn's Cross-Claims.

5. Collard admits that Sanitex Global LLC is the employing entity for Winn, but denies the remaining allegations in Paragraph 5 of Winn's Cross-Claims.

6. Collard lacks sufficient information to admit or deny the allegations in Paragraph 6 of Winn's Cross-Claims, and thus denies the same.

## JURISDICTION AND VENUE

7. Collard admits that the Court has subject matter jurisdiction over the cross-claims against Collard, but denies the remaining allegations in Paragraph 7 of Winn's Cross-Claims.

8. Collard denies the allegations in Paragraph 8 of Winn's Cross-Claims.

9. Collard admits that venue is proper as to Winn's cross-claims against Collard, but denies the remaining allegations in Paragraph 9 of Winn's Cross-Claims.

## ALLEGATIONS COMMON TO ALL CROSS-CLAIMS

10. Collard denies the allegations in Paragraph 10 of Winn's Cross-Claims.

11. Collard denies the allegations in Paragraph 11 of Winn's Cross-Claims.

12. Collard denies the allegations in Paragraph 12 of Winn's Cross-Claims.

13. Collard denies the allegations in Paragraph 13 of Winn's Cross-Claims.

14. Collard denies the allegations in Paragraph 14 of Winn's Cross-Claims.

15. Collard denies the allegations in Paragraph 15 of Winn's Cross-Claims.

16. Collard lacks sufficient information to admit or deny the allegations in Paragraph 16 of Winn's Cross-Claims, and thus denies the same.

## DEFENDANTS' WILLFUL VIOLATIONS[1]

17. Collard admits that he was aware of his obligations under the FLSA and the NYLL, but denies the remaining allegations in Paragraph 17 of Winn's Cross-Claims. Collard further denies that he engaged in any unlawful conduct and that Winn is entitled to any relief.

18. Collard denies the allegations in Paragraph 18 of Winn's Cross-Claims.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE FLSA CLAIMS

19. Collard admits that Winn brings the First and Second Cross-Claims, but denies that he has engaged in any unlawful conduct and that Winn is entitled to any relief.

20. Collard admits the allegations in Paragraph 20 of Winn's Cross-Claims, but denies that Winn was an employee of Collard.

21. Collard denies the allegations in Paragraph 21 of Winn's Cross-Claims.

22. Collard denies the allegations in Paragraph 22 of Winn's Cross-Claims.

23. Collard lacks sufficient information to admit or deny the allegations in Paragraph 23 of Winn's Cross-Claims, and thus denies the same.

## ADDITIONAL ALLEGATIONS SPECIFIC TO THE NYLL CLAIMS

24. Collard admits the allegations in Paragraph 24 of Winn's Cross-Claims, but denies that Winn was an employee of Collard.

25. Collard denies the allegations in Paragraph 25 of Winn's Cross-Claims.

26. Collard denies the allegations in Paragraph 26 of Winn's Cross-Claims.

---

[1] Collard restates the headings used by Winn in his Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this subheading. Collard further denies that Winn has been subjected to any unlawful conduct or that Winn is entitled to any of the relief he seeks.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's unlawful failure to pay wages and overtime wages)**
**AN FLSA VIOLATION[2]**

27. Collard admits that Winn realleges and incorporates the foregoing paragraphs as alleged in Paragraph 27 of Winn's Cross-Claims, but denies that he engaged in any unlawful conduct and that Winn is entitled to any relief. Collard reincorporates his previous responses to Winn's allegations.

28. Collard denies the allegations in Paragraph 28 of Winn's Cross-Claims.

29. Collard denies the allegations in Paragraph 29 of Winn's Cross-Claims.

30. Collard denies the allegations in Paragraph 30 of Winn's Cross-Claims.

31. Collard denies the allegations in Paragraph 31 of Winn's Cross-Claims.

32. Collard denies the allegations in Paragraph 32 of Winn's Cross-Claims.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's unlawful failure to pay wages and overtime wages)**
**A NYLL VIOLATION[3]**

33. Collard admits that Winn realleges and incorporates the foregoing paragraphs as alleged in Paragraph 33 of Winn's Cross-Claims, but denies that he engaged in any unlawful conduct and that Winn is entitled to any relief. Collard reincorporates his previous responses to Winn's allegations.

34. Collard denies the allegations in Paragraph 34 of Winn's Cross-Claims.

35. Collard denies the allegations in Paragraph 35 of Winn's Cross-Claims.

---

[2] Collard restates the headings used by Winn in his Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this subheading. Collard further denies that Winn has been subjected to any unlawful conduct or that Winn is entitled to any of the relief he seeks.

[3] Collard restates the headings used by Winn in his Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this subheading. Collard further denies that Winn has been subjected to any unlawful conduct or that Winn is entitled to any of the relief he seeks.

36. Collard denies the allegations in Paragraph 36 of Winn's Cross-Claims.

37. Collard denies the allegations in Paragraph 37 of Winn's Cross-Claims.

38. Collard denies the allegations in Paragraph 38 of Winn's Cross-Claims.

39. Collard denies the allegations in Paragraph 39 of Winn's Cross-Claims.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's failure to pay wages when due)**
**A NYLL VIOLATION[4]**

40. Collard admits that Winn realleges and incorporates the foregoing paragraphs as alleged in Paragraph 40 of Winn's Cross-Claims, but denies that he engaged in any unlawful conduct and that Winn is entitled to any relief. Collard reincorporates his previous responses to Winn's allegations.

41. Collard denies the allegations in Paragraph 41 of Winn's Cross-Claims.

42. Collard denies the allegations in Paragraph 42 of Winn's Cross-Claims.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Scale Facilitation and Mr. Collard's violation of their pay rate and wage notice requirements)**
**A NYLL VIOLATION[5]**

43. Collard admits that Winn realleges and incorporates the foregoing paragraphs as alleged in Paragraph 43 of Winn's Cross-Claims, but denies that he engaged in any unlawful conduct and that Winn is entitled to any relief. Collard reincorporates his previous responses to Winn's allegations.

44. Collard denies the allegations in Paragraph 44 of Winn's Cross-Claims.

---

[4] Collard restates the headings used by Winn in his Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this subheading. Collard further denies that Winn has been subjected to any unlawful conduct or that Winn is entitled to any of the relief he seeks.

[5] Collard restates the headings used by Winn in his Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings. Collard denies the allegations in this

45. Collard denies the allegations in Paragraph 45 of Winn's Cross-Claims.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Scale Facilitation and Mr. Collard's unjust enrichment based on their failure to pay wages)**
**A COMMON LAW VIOLATION[6]**

46. Collard admits that Winn realleges and incorporates the foregoing paragraphs as alleged in Paragraph 47 of Winn's Cross-Claims, but denies that he engaged in any unlawful conduct and that Winn is entitled to any relief.  Collard reincorporates his previous responses to Winn's allegations.

47. Collard denies the allegations in Paragraph 47 of Winn's Cross-Claims.

48. Collard denies the allegations in Paragraph 48 of Winn's Cross-Claims.

49. Collard denies the allegations in Paragraph 49 of Winn's Cross-Claims.

50. Collard denies the allegations in Paragraph 50 of Winn's Cross-Claims.

51. Collard denies the allegations in Paragraph 51 of Winn's Cross-Claims.

**PRAYER FOR RELIEF**

Collard admits that Winn prays for the relief in subparts (A)-(I), but denies that such relief is appropriate, that he engaged in any unlawful conduct, and that Winn is entitled to any relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Collard pleads the following affirmative and other defenses to Winn's Cross-Claims, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

---

subheading.  Collard further denies that Winn has been subjected to any unlawful conduct or that Winn is entitled to any of the relief he seeks.

[6] Collard restates the headings used by Winn in his Cross-Claims solely for the convenience of the Court and not to indicate an admission of any allegations contained in those subheadings.  Collard denies the allegations in this subheading.  Collard further denies that Winn has been subjected to any unlawful conduct or that Winn is entitled to any of the relief he seeks.

1. Collard is not the proper defendant employer in this matter. The employer entity of Winn in this matter was Sanitex Global LLC and not Collard.

2. Collard was not the employer of Winn as defined under the FLSA and/or the NYLL.

3. Winn's Cross-Claims fail, in whole or in part, to state a claim against Collard upon which relief can be granted.

4. Any cause of action or claim for damages under the FLSA stated in Winn's Cross-Claims arising more than two years before the filing of the lawsuit is barred by the statute of limitations set forth at 29 U.S.C. § 255(a).

5. Winn fails to state a claim for gap time or straight time pay under the FLSA or NYLL because no such claim exists under the FLSA or NYLL. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("[T]he FLSA does not provide a cause of action for unpaid gap time."); *Savor Health, LLC v. Day*, No. 19-CV-9798 (RA), 2022 WL 912236, at *7 (S.D.N.Y. Mar. 29, 2022) ("Accordingly, the Court concludes that a 'gap-time' claim that seeks wages owed that exceed the state minimum wage is not cognizable under the NYLL.").

6. The allegations in Winn's Cross-Claims are insufficient to establish that Collard engaged in willful conduct as defined by the FLSA and relevant case law. Thus, any relevant period of consideration in this matter is limited to a two-year period prior to the institution of this lawsuit.

7. Any cause of action or claim for damages stated in Winn's Cross-Claims under NYLL is barred by the applicable statute of limitations.

8. Any acts or omissions by Collard with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage and Hour

    Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel.

9. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260 or the NYLL.

10. Winn has been fully compensated for all hours worked and for all overtime in accordance with the requirements of the FLSA and NYLL.

11. Winn cannot satisfy his burden of proof with respect to any alleged damages suffered.

12. Assuming, *arguendo*, Winn is entitled to recover damages in this action, Winn cannot recover for noncompensable or *de minimus* matters and Winn's claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Winn during the time period for which damages are sought, including any time for which Winn was paid but did not work.

13. Subject to further discovery, Winn cannot recover for alleged losses and damages, if any, that are the result of, and directly related to, Winn's own conduct, actions and/or failure to act.

14. Winn's claims under the NYLL, if not preempted in whole or in part by federal law, are barred in whole or in part because Winn failed to establish the statutory prerequisites for these claims.

15. Winn cannot recover under state laws for any allegedly failure to pay overtime that is attributable to work performed outside of the state whose law was allegedly violated.

16. Winn is not entitled to recover overtime pay or obtain other relief pursuant to the law of any state in which he performed no work.

17. Winn is not entitled to double or duplicative recovery.

18. Winn cannot recover any damages or duplicative relief under state law to the extent that such damages or relief are duplicative of damages or relief realized through an FLSA claim.

19. Assuming, *arguendo*, Collard did employ Winn as defined under 29 U.S.C. § 203(e)(1), Winn is exempt from the overtime provisions of 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213, including the administrative, executive, professional exemptions, some combination thereof, and/or the highly compensated employee exemption.

20. Winn cannot satisfy his burden of proof with respect to any alleged damages suffered.

21. To the extent sought, Winn is not entitled to a jury determination regarding attorneys' fees or liquidated damages.

22. Winn's claims for damages are capped or limited in accordance with applicable law.

23. Winn's claims related to his employee benefits are barred and/or preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This includes but is not limited to the claims for failures to make proper deductions for wire transfers and claims related to pay notices and stubs. Further, to the extent claims are barred or preempted by ERISA, Winn is not allowed to recover their attorney's fees for such claims.

24. Subject to further discovery, Winn's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, waiver, ratification, lack of promise/benefit, and/or express contract.

Collard further reserves the right to assert other defenses reasonably in advance of trial.

April 23, 2024                                                     Respectfully submitted,

                                                                   */s/ Fazila Issa*
                                                                       Fazila Issa

                                                                   Mark A. Robertson
                                                                   NORTON ROSE FULBRIGHT US LLP
                                                                   1301 Avenue of the Americas
                                                                   New York, NY 10019-6022
                                                                   Tel: (212) 318-3304
                                                                   Fax: (212) 318-3400
                                                                   mark.robertson@nortonrosefulbright.com

OF COUNSEL:                                                        Carter Crow
NORTON ROSE FULBRIGHT US LLP                                       NORTON ROSE FULBRIGHT US LLP
Fazila Issa                                                        Fulbright Tower
Fulbright Tower                                                    1301 McKinney, Suite 5100
1301 McKinney, Suite 5100                                          Houston, Texas  77010-3095
Tel: (713) 651-3665                                                Tel: (713) 651-5163
Fax: (713) 651-5246                                                Fax: (713) 651-5246
andrew.yeh@nortonrosefulbright.com                                 carter.crow@nortonrosefulbright.com
*Pro-Hac Vice*                                                     *Pro-Hac Vice*


                                                                   *Attorneys for Scale Facilitation and David A. Collard*


# CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure, this pleading was served on opposing counsel on April 23, 2024:


Patrick James Boyd
The Boyd Law Group, PLLC
230 Park Avenue
7th Floor
New York, NY 10177
212-867-3675

*Attorney for Plaintiffs*

Tara Toevs Carolan, Tarter
KRINSKY & DROGIN LLP
1350 Broadway
11th Floor
New York, NY 10018

*Attorney for Defendant Vanessa Geronimo*

Michael S. Winn
9700 Barksdale Drive
Fort Worth, Texas 76244

*Pro Se*

                                                */s/ Fazila Issa*
                                                  Fazila Issa