```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/05/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nicole Widmer, et al.,

                             Plaintiffs,

-against-

Scale Facilitation, et al.,

                             Defendants.

1:23-cv-09482 (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

On October 30, 2024, the parties filed a joint letter motion seeking approval of the parties' Settlement Agreement (the "Agreement").[1] (10/30/24 Ltr. Mot., ECF No. 84.) There are two issues that preclude the Court from approving the Agreement at this time.

*First*, the parties have not filed a fully executed Agreement. Although the Agreement that was filed by the parties was signed by the Named Plaintiffs, it was not signed by Scale Facilitation, David Collard and the Cross Claimants.[2] (*See* Settlement Agmt., at ECF No. 84-1, at PDF pp. 10-12.) "A prerequisite before submission for approval by the court is a fully executed settlement agreement." *Hernandez v. Fresh Diet Inc.*, No. 12-CV-04339 (ALC), 2017 WL 4838328, at *4-5 (S.D.N.Y. Oct. 25, 2017); *see also Gramajo v. Basari Mkt. LLC*, No. 21-CV-04960 (EK) (JMW), 2023 WL 6278807, at *4 (E.D.N.Y. Jan. 24, 2023), *report and recommendation adopted*, 2023 WL

---

[1] The Court notes that, although the title of the document states that it is a "Confidential Settlement Agreement," the document was publicly filed.

[2] The terms "Named Plaintiffs" and "Cross Claimants," as used herein, are as defined in the Agreement. (*See* Settl. Agmt. at PDF p. 1.)

6283289 (E.D.N.Y. Sept. 26, 2023) ("Plaintiff's failure to submit a fully executed [s]ettlement [a]greement is a complete bar to this Court's approval of the [s]ettlement [a]greement.").

*Second*, although certain of the releases contained in the Agreement are limited to claims "relating specifically to the claims in the Lawsuit" (*i.e.*, the Fair Labor Standards Act claims) (*see* Settl. Agmt. ¶¶ 5(i), 6, 7), the release by the Named Plaintiffs is broader and includes a release of "any and all claims … that could have been asserted in the Lawsuit." (*See id*. ¶ 5(ii).) The parties are advised that the Court is unlikely to approve any agreement that contains a release of any claims that were not raised in the Complaint and are unrelated to wage-and-hour claims under the Fair Labor Standards Act ("FLSA") or the New York Labor Law. *See Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-04997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). Such releases generally are disfavored, even if mutually applicable to all parties. *See Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016) ("The fact that the general release is styled as mutual … does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee."). If, notwithstanding that admonition, the parties believe that this case is sufficiently unusual that the Court should consider approving a release by the Named Plaintiffs that goes beyond wage-and-hour and related labor law claims, the parties must submit a joint letter explaining why such a settlement term is appropriate in this case.

Accordingly, it is hereby ORDERED that, no later than November 12, 2024, the parties shall file to the ECF docket a fully executed settlement agreement. If the settlement agreement that is filed does not remove the general release by the Named Plaintiffs of all claims, then the parties also shall file, no later than November 12, 2024, a joint letter explaining why a general release by the Named Plaintiffs is appropriate in this case.

Dated:     New York, New York
           November 5, 2024

_____
STEWART D. AARON
United States Magistrate Judge