## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into by Named Plaintiffs Nicholas Widmer, Lindsey Root, and Sophia Fitzsimonds ("Named Plaintiffs"), on behalf of themselves and on behalf of the Opt-in Plaintiffs identified in Exhibit A ("Opt-in Plaintiffs") (collectively, "Plaintiffs"), and Defendants Scale Facilitation as defined in the Complaint in this action and its past, present, and future parents, subsidiaries, affiliates, portfolio companies, successors, and any other related entities, including all of their past, present, and future owners, shareholders, officers, directors, employees, agents, insurers, and legal counsel (collectively, "Scale Facilitation"), David A. Collard ("Collard"), Vanessa Geronimo ("Geronimo"), Michael Winn ("Winn"), and Jackie Noller ("Noller"). Scale Facilitation, Collard, Geronimo, Winn, and Noller are collectively referred to as "Defendants" and "Released Parties." Plaintiff and Defendants are jointly referred to as the "Parties" and singularly as a "Party." Geronimo and Winn are also collectively referred to as "Cross Claimants."

**WHEREAS**, Plaintiffs filed a lawsuit against Defendants styled *Widmer et al v. Scale Facilitation, et al*, No. 1:23-cv-09482-JPO, in the United States District Court for the Southern District of New York (the "Lawsuit"), asserting, *inter alia*, claims for alleged unpaid overtime under the Fair Labor Standards Act ("FLSA"), alleged unlawful withholding of wages and deductions under the New York Labor Law ("NYLL"), and alleged failure to provide plaintiff with paystubs and payroll notice under the NYLL;

**WHEREAS**, Geronimo and Winn filed cross claims against Scale Facilitation and Collard asserting claims for alleged unpaid wages and overtime under the FLSA, alleged unpaid wages and overtime under the NYLL, an alleged failure to pay wages when due under the NYLL, an alleged failure to provide Geronimo and Winn with paystubs and payroll notice under the NYLL, and an unjust enrichment claim;

**WHEREAS**, Defendants deny the allegations in the Lawsuit, deny any wrongdoing or violation of any state or federal law, and defendants have defended themselves against the claims in the Lawsuit;

**WHEREAS**, Scale Facilitation and Collard separately deny the crossclaims made by Geronimo and Winn in the Lawsuit, deny any wrongdoing or violation of any state or federal law, and have defended themselves against the crossclaims in the Lawsuit;

**WHEREAS**, the Parties agree that there are bona fide disputes between them with respect to Plaintiffs' claims and allegations in the Lawsuit as well as Cross Claimants' claims and allegations in the Lawsuit, the legal entitlement to the amounts claimed in the Lawsuit, and the facts that are the basis for the allegations made in the Lawsuit;

**WHEREAS**, the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement believe that the settlement as provided in this Agreement is in each of their best interests, and counsel for Plaintiffs as and counsel for Cross Claimants specifically and separately agree that the settlement as

provided in this Agreement is in the best interests of the Plaintiffs and Cross Claimants and is a fair, reasonable, and adequate resolution of the Lawsuit;

**WHEREAS**, the Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth herein and to seek an entry of final dismissal from the Court, dismissing with prejudice the claims of the Plaintiffs and the cross claims of the Cross Claimants as set forth herein;

**NOW, THEREFORE**, in consideration of the covenants and mutual promises and agreements herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree to terminate past, present, and potential controversies between the Parties to the extent stated in greater detail below, and covenant and agree as follows:

1. **Approval of Settlement.** All terms of this Agreement are contingent upon the approval of the Court, and this Agreement is entered into voluntarily by the Parties for settlement purposes only.

   i. The Parties agree to cooperate and present to the Court, if necessary, for its consideration in connection with the approval of the Agreement competent evidence as may be requested by the Court subject to the appropriate standards for approving a settlement under the FLSA, Second Circuit law, and Southern District of New York law.

   ii. The Parties and their counsel will file a joint letter or motion in accordance with the Court's Order dated August 30, 2024 (D.E. 70 and 83) in the Lawsuit.

   iii. This Agreement will become final and effective upon execution of the Agreement by all Parties and the Court's approval of this settlement.

2. **Effect of Non-Approval.** In the event this Agreement does not obtain approval of the Court, the Parties agree to make reasonable efforts to rectify any issues raised by the Court, without any additional costs or fees assessed to either side. Should those efforts fail, all matters covered by the Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Lawsuit as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Lawsuit, or where necessary, request that the Court do so.

3. **Settlement Payment.**

   i. **Gross Settlement Amount.** To completely resolve Plaintiffs' claims against Defendants and Cross Claimants' claims in the Lawsuit, Scale Facilitation or Collard will pay or cause to be paid the total sum of **ONE MILLION ONE HUNDRED NINETY-SEVEN THOUSAND**

**NINETY-FOUR DOLLARS AND FORTY-SIX CENTS ($1,197,094.46)** in accordance with the terms and timeline contained herein. For purposes of this Agreement, payments shall be made first to Plaintiffs', then to Cross Claimant Winn, who is *pro se,* then payment shall be made to counsel for Plaintiffs for their Attorney's Fees, and thereafter payments shall be made to Cross Claimant Geronimo for her pro rata gross settlement plus Attorneys' Fees. The Gross Settlement Amount is subject to reporting to the IRS on a Form 1099 issued to Plaintiff's Counsel, Winn and Geronimo. It is expressly agreed that the required parties will complete an IRS Form W-9 and will provide such form to Scale Facilitation and Collard's Counsel.

ii. **Net Settlement Amount.** This amount is the Gross Settlement Amount less: (i) Attorneys' Fees (defined below). The Net Settlement Amount shall be divided on a pro rata basis as identified in Exhibit A.

iii. **Attorneys' Fees.** This amount is the award of attorney's fees to be paid to Plaintiffs' Counsel first and then to Geronimo (for Geronimo's out-of-pocket attorney's fees paid to Geronimo's Counsel) from the Gross Settlement Amount as identified in Exhibit A for the services rendered in the Lawsuits. The award of attorney's fees shall not exceed the sum of **ONE HUNDRED FORTY-EIGHT THOUSAND SEVEN HUNDRED SIX DOLLARS ($148,706.00)** ("Attorneys' Fees"). The Attorneys' Fees will compensate Plaintiffs' Counsel first for **ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000)** for expenses, all work performed in the Lawsuit as of the date of this settlement agreement, as well as all the work remaining to be performed, including but not limited to documenting the settlement, securing court approval of the settlement, ensuring the settlement is fairly administered and implemented, and obtaining final dismissal of the Lawsuit, and then Geronimo (for Geronimo's out-of-pocket attorney's fees paid to Geronimo's Counsel) for **TWENTY-THREE THOUSAND SEVEN HUNDRED SIX DOLLARS ($23,706)** for work performed through the date of the Settlement Conference.

iv. **Payments to Plaintiffs.** From the Net Settlement Amount, Plaintiffs' Counsel shall pay each Plaintiff first listed on Exhibit A their pro rata settlement award. A check will then be issued to Winn for his pro rata settlement award. Finally, a check will be issued to Geronimo for her pro rata settlement award. The Payments to Plaintiffs and Geronimo are subject to reporting to the IRS on a Form 1099.

**4. Settlement Payment Terms.** The Gross Settlement Amount shall be paid in accordance with the following terms:

The Gross Settlement Amount shall be paid by Collard to Plaintiff's Counsel first, Winn second, and Geronimo third in accordance with Exhibit A within

three hundred and sixty-five (365) days from the date of the last lead Plaintiff's signature on the Settlement Agreement prior to the Court's approval.

i. If the Gross Settlement Amount is not paid within three hundred and sixty-five (365) days from the date of the last lead Plaintiff's signature on the Settlement Agreement prior to the Court's approval, Plaintiffs and Cross Claimants may ask the Court to enter a judgment against Scale Facilitation (as defined in the Complaint in this case) and Collard (not the other individual Defendants) for the full Gross Settlement Amount (less any amounts already paid to Plaintiffs and Cross Claimants) plus a 9% interest rate to begin accruing annually as of the of Court approval plus reasonable attorneys' fees incurred in securing or attempting to collect on such sum (the "Judgment"). In the event of Defendant's failure to pay the amount within three hundred and sixty-five (365) days, Defendants Scale Facilitation and Collard waive any and all defenses to the entry of Judgement on any overdue and unpaid amount, and agree not to contest or defend against Plaintiff's attempt to collect said amounts. Defendants Scale Facilitation and Collard also expressly agree to the retention of jurisdiction by the Court in which the Lawsuit was brought, i.e. the Southern District of New York, for the entry of any such confessed judgment.

ii. If the Judgment is not paid within five hundred and forty-eight (548) days from Court approval of this Agreement, Plaintiffs and Cross Claimants shall be entitled to an additional 3% interest accrued annually on any remaining balance of the Judgment beginning on the 365th day from the date of the last lead Plaintiff's signature on the Settlement Agreement prior to the Court's approval, in addition to any other remedies afforded by law.

iii. Concurrently with the execution of this Agreement, Defendants Scale Facilitation and Collard shall execute and deliver to Plaintiffs' counsel and Geronimo's Counsel a confession of judgment ("Confession of Judgment") in the form attached as Exhibit C. The Parties hereby acknowledge and agree that the Confession of Judgment shall be held in escrow by Plaintiffs' Counsel, and Geronimo's Counsel, and will not be entered and/or filed at any time other than in the event that Scale Facilitation or Collard (i) fail to pay the Gross Settlement Amount within three hundred and sixty-five (365) days from the date of the last lead Plaintiff's signature on the Settlement Agreement prior to the Court's approval and (ii) fail to cure such default within seven (7) days of receipt of written notice (to be delivered to David A. Collard through email correspondence to his counsel) or (iii) fail to explain to the satisfaction of the court, after notice, any material misrepresentation in the Collard Declaration filed separately under seal and incorporated as part of this settlement. Such notice of default will be deemed given on the first business day following electronic transmission thereof.

5. **Released Claims of the Named Plaintiffs.** In exchange for entering into this Agreement, the execution of a Confession of Judgment, and other good and valuable

Docusign Envelope ID: B7E8A70D-EFF3-4C4C-A962-0BD7C1C61D7B

consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the Court's approval, each Named Plaintiff for himself or herself, his or her legal representatives, heirs, executors, administrators, and assigns does hereby release, acquit, and forever discharge the Released Parties from:

1. any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs, and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") against Released Parties relating specifically to the claims in the Lawsuit that have occurred as of the signing of this Agreement including but not limited to the nonpayment of or inaccurate payment of wages and overtime under the FLSA and NYLL, wage statement or notice violations under the NYLL, and any interest, liquidated damages, penalties, attorneys' fees, expenses and costs related to such claims.

6. **Released Claims of the Opt-in Plaintiffs.** In exchange for entering into this Agreement, the execution of a Confession of Judgment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the Court's approval, each individual who has consented to take part in the Lawsuit, for himself or herself, his or her legal representatives, heirs, executors, administrators, and assigns does hereby release and forever discharge Released Parties from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, ontroversies, losses, costs, and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim or "claims") against Released Parties relating specifically to the claims in the Lawsuit that have occurred as of the signing of this elating specifically to the claims in the Lawsuit that have occurred as of the signing of this Agreement including but not limited to the nonpayment of or inaccurate payment of wages and overtime under the FLSA and NYLL, wage statement or notice violations under the NYLL, and any interest, liquidated damages, penalties, attorneys· fees, expenses and costs related to such claims. Plaintiff Godlis agrees to notify the New York Department of Labor (NYDOL) of her settlement in this matter and desire to discontinue her claim within ten (10) days of her execution of this Agreement. Counsel for Defendants agrees to draft proposed language for Plaintiff Godlis to send to this effect. She also agrees to not accept any recovery from that claim since it would duplicate amounts represented in this Agreement.

7. **Released Claims of the Cross Claimants.** In exchange for entering into this Agreement, the execution of a Confession of Judgment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the Court's approval, Cross Claimants Geronimo and Winn for himself or herself, his or her legal representatives, heirs, executors, administrators, and assigns does hereby release, acquit, and forever discharge Scale Facilitation and Collard from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs, and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether

fixed or contingent (hereinafter referred to as "claim' or "claims") against Scale Facilitation and Collard relating specifically to the claims in the Lawsuit and any claims for unpaid wages or debts, including but not limited to the nonpayment of or inaccurate payment of wages and overtime under the FLSA and NYLL, wage statement or notice violations under the NYLL, and any interest, liquidated damages, penalties, attorneys' fees, expenses and costs related to such claims.

**8. Release of Plaintiffs.** In exchange for entering into this Agreement and subject to the Court's approval, Cross Claimants Geronimo and Winn for himself or herself, his or her legal representatives, heirs, executors, administrators, and assigns; Defendant Scale Facilitation its legal representatives, heirs, executors, ad administrators, and assigns; and Defendant Collard for himself, his legal representatives, heirs, executors, administrators, and assigns, do hereby release, acquit, and forever discharge all Plaintiffs from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs, and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") against Plaintiffs relating specifically to claims in the Lawsuit and/or their employment that have occurred as of the signing of this Agreement including but not limited to the nonpayment of or inaccurate payment of wages and overtime under the FLSA and NYLL, wage statement or notice violations under the NYLL, and any interest, liquidated damages, penalties, attorneys' fees, expenses and costs related to such claims.

**9. Release Notification.** Plaintiffs and Cross Claimants acknowledge that they have had the opportunity to discuss the terms of this Agreement and release of claims with legal counsel prior to entering this Agreement. Plaintiffs and Cross Claimants further acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with counsel.

**10. Terms of Settlement and Representation by Counsel.** As a result of arm's-length negotiations, a settlement of the issues raised in the Lawsuit was reached as memorialized herein in this Agreement. All of the Parties acknowledge that they have been appropriately and adequately represented by counsel throughout all negotiations which preceded the execution of this Agreement and/or had a fair opportunity to consult with counsel. The Parties believe this Agreement is a fair, adequate, and reasonable settlement of the Lawsuit and have arrived at this Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.

**11. Best Efforts.** The Parties and their counsel agree to use their best efforts in discharging their respective obligations in this agreement.

**12. Non-admission.** The Parties acknowledge and agree that liability for the actions and/or inactions which are the subject matter of the Lawsuit is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of the bona fide dispute as to the facts and the law that apply to the Lawsuit. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by any Party to this Agreement barring the entry of the Confession of Judgment. The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

**13.   No Liability for Tax Reporting/Cooperation.**  Plaintiffs shall be responsible for remitting to state and/or federal taxing authorities any applicable taxes due to be paid by them pursuant to the terms of this Agreement, and shall hold Released Parties harmless from any liabilities, costs, and expenses caused by any such taxing authority relating in any way to the Plaintiffs' treatment of payments made to them by Plaintiffs' Counsel pursuant to this Agreement. Cross Claimants shall be responsible for remitting to state and/or federal taxing authorities any applicable taxes due to be paid by them pursuant to the terms of this Agreement, and shall hold Scale Facilitation and Collard harmless from any liabilities, costs, and expenses caused by any such taxing authority relating in any way to the Cross Claimants' treatment of payments made to them by Scale Facilitation or Collard pursuant to this Agreement. In addition, Scale Facilitation and Collard will assist Plaintiffs by collaborating with Plaintiff's counsel and timely providing requested and adequate paystubs, employment verification, or other documentation for purposes of assisting Plaintiffs with taxes, unemployment, and other necessary filings, records or requests by government or similar entities. None of the foregoing exonerates Scale Facilitation and Defendant Collard from any obligations to remit taxes or other withholdings required by law to the appropriate governmental agencies.

**14.   Admissibility.**  Except for purposes of settling the Lawsuit, enforcing the terms of or resolving an alleged breach of this Agreement, or resolving tax or legal issues arising from a payment under this Agreement, neither this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Released Parties, including, without limitation, evidence of a presumption, concession, indication, or admission by the Released Parties of any liability, fraud, wrongdoing, omission, concession, or damage.

**15.   Authority to Bind Parties.** The Parties warrant and represent they are expressly authorized by the Court or otherwise by their clients to negotiate this Agreement, support the fairness and reasonableness of this Agreement, and will take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. Because there are numerous Plaintiffs, the Parties agree it is impractical to have all Plaintiffs execute this Agreement. Named Plaintiffs warrant and represent they are authorized to bind all Plaintiffs to this Agreement, on the terms stated herein, upon execution of this Agreement by Named Plaintiffs. It is expressly agreed by all Parties that the execution of this Agreement by Named Plaintiffs shall have the same force and effect as if this Agreement was executed by each Opt-in Plaintiff.

**16.   Neutral References.**  Plaintiffs agree to direct and refer all requests for employment references or confirmation of employment to the attention of Defendant Collard and Scale Facilitation. In response to any such request, Defendant Collard and/or Scale Facilitation agree to provide a neutral reference identifying only Plaintiffs' dates of employment and positions held and indicating that doing so is consistent with Company policy.

**17.    Representation/Declaration.**  Defendant Collard and Defendant Scale Facilitation and related entities as named in the Complaint represent that as of the date of the Settlement Conference everything sworn to under penalty of perjury in the Declaration filed under seal is accurate and material to this Settlement Agreement. If anything in the Declaration is deemed by a court of competent jurisdiction to be materially false, Plaintiffs reserve the right to make a claim of being fraudulently induced to enter into this Agreement before the Court and may file the Confession of Judgment within seven (7) days of such breach (after providing Collard and Scale Facilitation with seven (7) days to cure), receive accelerations of all payments due to Plaintiffs, attorneys' fees for such efforts, and other damages available to Plaintiffs or awarded by the Court. The Declaration will be provided to Plaintiff's counsel and be maintained confidential by Plaintiff's counsel. The Declaration will not be provided to any of the Plaintiffs or opt-in Plaintiffs beyond the necessary sharing of information from attorney to client. In the event that Collard's Declaration is ever filed in any court, it shall be filed under seal.

**18.    Validity.**  If any provision of this Agreement is deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision of this Agreement.

**19.    Construction.**  This Agreement shall be construed in accordance with the laws of the State of New York.

**20.    Enforcement.**  The Parties agree that any dispute concerning this Agreement shall be brought before the court responsible for approving the Agreement.

**21.    Full Agreement.**  The Parties acknowledge that this Agreement is the sole Agreement between the Parties and that it is not being executed in reliance on any statement made by any Party other than the statements contained in this Agreement.

**22.    Modification.**  This Agreement constitutes the entire Agreement of the Parties concerning the subjects contained herein. This Agreement may not be changed or altered except in writing signed by all Parties.

**23.    Execution.**  The Parties may execute this agreement in Counterparts, each of which shall have the same force and effect as if each Party had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding on the party who transmits the signature page by facsimile.

**24. Dismissal of Action.** Within seven (7) days of the Court approving the Agreement, Plaintiffs' Counsel will execute the Stipulation of Dismissal with Prejudice, and with Retention of Jurisdiction, attached as Exhibit B dismissing this Lawsuit entirely, inclusive of all claims and cross claims, subject to reopening against Defendant Scale Facilitation and/or Defendant Collard in the event that the Confession of Judgement is ripe for entry and/or in order to oversee any other aspects of this Agreement or case in light of breach of this Agreement.

**EACH PARTY REPRESENTS THAT THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE EXECUTING IT.**

**[SIGNATURE PAGES FOLLOWS]**

Executed and agreed to this 14 day of November, 2024.

Scale Facilitation

By: _____    11/14/2024
David A. Collard                                    Date

Capacity: Chief Executive Officer

David A. Collard (individually)

_____    11/14/2024
David A. Collard                                    Date

**CROSS CLAIMANTS**

_____  
Vanessa Geronimo

11/12/24
_____
Date

_Michael S. Winn_  
Michael Winn

11/12/24
_____
Date

**NAMED PLAINTIFFS**

_____  
Nicholas Widmer

10/30/24
_____
Date

_____

10/28/24
_____

Lindsey Root

Date

_Sophia Fitzsimonds_
Sophia Fitzsimonds

Oct 28, 2024

Date

# Exhibit A

| Plaintiffs | Settlement Amount | Attorney's Fees |
|---|---|---|
| Nicholas Widmer | $92,500.00 | Plaintiffs' Counsel $125,000.00 |
| Lindsey Root | $41,666.64 | |
| Sophia Fitzsimonds | $30,000.00 | |
| John Barberii | $32,710.00 | |
| Lorenzo Belen | $47,500.00 | |
| Kimberly Chehardy | $72,500.02 | |
| Renata Ciampi | $55,000.00 | |
| Anita Domanico | $80,000.00 | |
| Isabella Godlis | $27,400.00 | |
| Renee LaMarche | $41,249.98 | |
| Sharon Otto | $90,000.04 | |
| Sasha Skyba | $53,333.28 | |
| Hannah Giddings | $62,500.00 | |
| **Cross Claimants** | **Settlement Amount** | **Attorney's Fees** |
| Vanessa Geronimo | $264,528.50 | Reimbursement to Geronimo for her out-of-pocket attorney's fees paid to Geronimo's Counsel $23,706.00 |
| Michael Winn | $57,500.00 | - |

**Interest on sums owed shall accrue at the compounded rate of 9% with such interest to be calculated to the extent that each or any of the following deadlines are missed for payment: December 31, 2024; March 31, 2025; June 30, 2025; and December 31, 2025.**

## Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA
FITZSIMONDS, in their individual capacities and on
behalf of all others similarly situated,

                        Plaintiffs,

- against -

SCALE FACILITATION®, DAVID A. COLLARD,
VANESSA GERONIMO, MICHAEL WINN, AND
JACKIE NOLLER,

                        Defendants.
-------------------------------------------------------------------X

Case No. 1:23-cv-09482-JPO

**STIPULATION OF DISMISSAL WITH PREJUDICE WITH RETENTION OF JURISDICTION**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned Parties, through their respective counsel that the above action, inclusive of all claims and cross claims, be and is hereby dismissed with prejudice, without costs to either party, subject to the case being reopened against Defendant Scale Facilitation and/or Defendant Collard in the event that the settlement entered into by the parties does not consummate and/or requires that a Confession of Judgement be entered as contemplated in the parties' settlement agreement.


/s/ Patrick Boyd
Patrick Boyd
The Boyd Law Group
*Plaintiff's Counsel*

s/Tara Toevs Carolan
Tara Toevs Carolan
*Cross Claimant*
*Vanessa Geronimo's Counsel*

_[signature]_
Carter Crow
Norton Rose Fulbright
*Counsel for Scale Facilitation and*
*David A. Collard*

Michael S. Winn
Michael Winn
*Cross Claimant*

Page 15 of 18

## Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICHOLAS WIDMER, LINDSEY ROOT, and SOPHIA
FITZSIMONDS, in their individual capacities and on
behalf of all others similarly situated,

                            Plaintiffs,

        - against -

SCALE FACILITATION®, DAVID A. COLLARD,
VANESSA GERONIMO, MICHAEL WINN, AND
JACKIE NOLLER,

                            Defendants.
-----------------------------------------------------------------X

Case No. 1:23-cv-09482-JPO

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK

NEW YORK COUNTY

    1.    I reside in __NY__ County.

    2.    I, David A. Collard, am the Managing Partner and CEO of Scale Facilitation. I am duly authorized to make this affidavit of confession of judgment on behalf of myself and on behalf of Scale Facilitation. I am fully familiar with the facts and circumstances recited herein based on personal knowledge.

    3.    Pursuant to the terms of the Confidential Settlement Agreement and Release of Claims ("Agreement") by and between Named Plaintiffs Nicholas Widmer, Lindsey Root, and Sophia Fitzsimonds ("Named Plaintiffs"), on behalf of themselves and on behalf of the Opt-in Plaintiffs, on the one hand, and Defendants Scale Facilitation, David A. Collard ("Collard"), Vanessa Geronimo, Michael Winn, and Jackie Noller (collectively "Defendants"), to which this Affidavit is annexed, Scale Facilitation (as defined in in the Complaint in this action) and Collard hereby confess judgment in favor of Plaintiffs and Cross Claimants Geronimo and Winn for the sum of ONE MILLION ONE HUNDRED NINETY-SEVEN THOUSAND NINETY-FOUR DOLLARS AND FORTY-SIX CENTS ($1,197,094.46) plus an additional 9% interest to begin accruing as of the date of the last lead Plaintiff's signature on the Settlement Agreement prior to the Court's approval (less any amounts already paid to Plaintiffs and Cross Claimants). If the Judgment is not paid within three hundred seventy-three (373) days from the date of the last lead Plaintiff's signature on the Settlement Agreement prior to the Court's approval, Scale Facilitation and Collard hereby confess judgment and authorize entry thereof against them and in favor of Plaintiffs and Cross Claimants. Further, if the Judgement is not paid in full by the 548th day from Court approval, an additional 3% interest annual interest shall accrue on the

remaining unpaid balance of the Judgment from that time forward, in addition to any other remedies available at law.

4. This affidavit of confession of judgment is for a debt justly due to Plaintiffs and Cross Claimants Geronimo and Winn under the terms of the Agreement, to which this Affidavit is annexed, which provides that Scale Facilitation or Collard is to pay the funds detailed in the settlement of this Lawsuit.

5. This affidavit is made upon good and valuable consideration, the sufficiency of which Scale Facilitation and Collard acknowledge on behalf of Defendants including, without limitation, the terms and provisions of the Agreement.

6. Scale Facilitation and Collard represent their understanding that upon their breach of the Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Southern District Court for the District of New York, as judgment against Scale Facilitation and Collard for the amounts detailed herein.

7. This Confession of Judgment is not confessed with fraudulent intent or to protect the property of the Defendant from creditors.

8. I have provided a Declaration as part of the settlement in this matter. If anything in the Declaration is deemed by a court of competent jurisdiction to be materially false, Plaintiffs shall have the right to file this Confession of Judgment within seven (7) days of such court ruling of breach (after providing Collard and Scale Facilitation with seven (7) days to cure), receive accelerations of all payments due to Plaintiffs, attorneys' fees, and other damages available to Plaintiffs or awarded by the Court. The Declaration shall be filed under seal. In the event that the Declaration is ever filed in court, it shall be filed under seal.

9. This Confession of Judgment is not for the purpose of securing Plaintiff against a contingent liability and is not an installment loan within the prohibition of CPLR § 3201.

By: _____
David A. Collard, on behalf of Scale Facilitation and in his individual capacity.

Sworn to before me this
14th day of Nov, 2024

_____
Notary Public

CINDY L. HICKMAN
Notary Public, State of Texas
ID # 217122-3
Commission Expires
MARCH 14, 2025

Page 18 of 18